Juan **LOPEZ**, Appellant,

v.

**COLUMBUS QUARTER HORSE ASSOCIATION et al.,** Appellees.

No. 14912.

Court of Civil Appeals of Texas.

Houston.

Dec. 1, 1966.

Rehearing Denied Dec. 22, 1966.

————◆————

Ted Musick, Houston, for appellant.

James R. Coffee, Houston, and Baker, Botts, Shepherd & Coates, Houston, of counsel, for appellees Columbus Quarter Horse Association and Paul Walker.

COLEMAN, Justice.

This is an appeal from a summary judgment for the defendant in a personal injury damage suit.

The appeal is predicated on two points of error:

First. "The Honorable Trial Court erred and violated his discretionary powers in not granting Plaintiff's motion for continuance, in that the Plaintiff himself was a material witness, and it was necessary for him to make the affidavit setting up the fact situation to be determined by a jury, when due diligence was used by Plaintiff's attorney to find him after the motion for summary judgment had been filed and prior to such hearing."

Second. "The Trial Court erred in granting motion for summary judgment, because there were several fact situations to be determined by the jury as to the negligence of the Defendants and/or the contributory negligence of the Plaintiff and the assumption of risk, if any."

The motion for summary judgment of defendants, Columbus Quarter Horse Association and Paul Walker, was filed March 10, 1966. On the date set for hearing the motion, April 15, 1966, the plaintiff, through his attorney, filed a motion for continuance on the ground that the plaintiff was out of the country and that the attorney was not able to secure his affidavit to controvert the motion. The motion does not state when the plaintiff left the country. The suit was filed February 26, 1964, and the plaintiff's deposition was taken on February 18, 1965. In the deposition the plaintiff gave testimony concerning the matters at issue under interrogation by his own counsel as well as at the instance of the defendants' counsel. On April 15, 1966, presumably after the hearing, it appears that the plaintiff was located and he executed an affidavit which was attached to an answer to the motion for summary judgment filed in the cause on April 17, 1966. The judgment sustaining the motion for summary judgment and the order overruling the motion for continuance were entered on the 21st day of April, 1966.

■ A failure to allege facts showing diligence in attempting to secure the testimony of an absent witness is sufficient to support the action of the trial court in refusing a motion for continuance. Aetna Insurance Company v. Klein et al., 318 S.W.2d 464 (Tex.Civ.App., Houston, 1958, rev'd on other grounds, 160 Tex. 61, 325 S.W.2d 376, 1959); Jinks v. Jinks, 205 S.W.2d 816 (Tex.Civ.App., Texarkana 1947, no writ hist.).

■ The deposition of the plaintiff was available for use and was considered by the trial court. Appellant must show injury as a result of the denial of the motion for continuance and he has failed to do so. Panhandle Broadcasting Co. et al. v. Cercy, 363 S.W.2d 792 (Tex.Civ.App., Amarillo,

1962, no writ hist.) ; Texas Indemnity Insurance Company v. Harlan, 236 S.W.2d 564 (Tex.Civ.App., Eastland 1951, writ dism.).

 Appellant's second point of error is too broad and general to comply with Rule 418, Texas Rules of Civil Procedure, and to require consideration by this Court. Appellant has not pointed out either in the statement or argument under ,the point the fact issues which he considers raised by the pleadings, the deposition, or the affidavits. Crutchfield v. Associates Investment Company, 376 S.W.2d 957 (Tex.Civ. App., Dallas 1964, writ ref.).

The judgment of the trial court is affirmed.