**J. C. PENNEY COMPANY and Rafael Avila, Appellants,**

**v.**

**Maria De La Luz DURAN, Individually and as Next Friend of Alberto A. Duran, a Minor, Appellee.**

**No. 15036.**

Court of Civil Appeals of Texas, San Antonio.

March 29, 1972.

Rehearing Denied April 26, 1972.

Adams, Graham, Lewis, Jenkins '& Graham, McAllen, for appellants.

Rocha, Garza-Gongora & Haynes, Lazaro Garza-Gongora, Jr., Laredo, for appellee.

KLINGEMAN, Justice.

This is an appeal from a judgment in a damage suit in favor of Maria De La Luz Duran, appellee here and plaintiff below, against J. C. Penney Company and Rafael Avila, appellants here and defendants below, in the amount of $3,000.00, after a jury trial. The parties will be referred to herein as in the trial court.

Although none of the parties raise the issue of jurisdiction of this Court to hear this appeal, we will first consider whether we have such jurisdiction.

This suit was filed by Maria De La Luz Duran, independently and as next friend of Alberto Duran, a minor, against J. C. Penney and Rafael Avila, seeking damages in the sum of $50,000.00 and exemplary damages in the sum of $30,000.00 for plaintiff, Maria De La Luz Duran, and for plaintiff, Alberto Duran, in similar amounts, for alleged false imprisonment and assault and battery. The judgment, after reciting that Maria De La Luz Duran and Alberto Duran are plaintiffs and that plaintiffs appeared by person and attorney, orders and decrees that plaintiff, Maria De La Luz Duran, recover judgment against defendants in the sum of $3,000.00. The special issues submitted pertain only to Maria De La Luz Duran. No severance was ordered as to Alberto Duran; there is no order that Alberto Duran take nothing; nor is there any statement that 'all relief not expressly granted is denied. The transcript contains nothing that could be construed as a severance. Plaintiffs state in their brief that a non-suit was taken with reference to Alberto Duran, but there is nothing in the record substantiating this.

It is well settled law, with certain exceptions not applicable here, that an appeal can be prosecuted only from a final judgment. North East Independent School District v. Aldridge, 400 S.W.2d 893 (Tex. 1966); Stalco, Inc. v. Zero Refrigerated Lines, Inc., 390 S.W.2d 476 (Tex.Civ.App. —San Antonio 1965, writ ref'd); 4 Mc-

Donald, Texas Civil Practice, Judgments, Section 17.03.2; Appellate Procedure in Texas, Appealable Judgments and Orders, Section 2.4. However, as stated in North East Independent School District v. Aldridge, supra, the finality of judgments for applicability has been a recurring and nagging problem throughout the judicial history of this State. After a comprehensive discussion of many decisions, the Court stated:

"Analysis of the decisions we have discussed is sufficient to lead us to the statement of a rule for determining, in most instances, whether judgments in which parties and issues made by the pleadings are not disposed of in express language are, nevertheless, final for appeal purposes. When a judgment, not intrinsically interlocutory in character, is rendered and entered in a case regularly set for a conventional trial on the merits, no order for a separate trial of issues having been entered pursuant to Rule 174, Texas Rules of Civil Procedure, it will be presumed for appeal purposes that the Court intended to, and did, dispose of all parties legally before it and of all issues made by the pleadings between such parties. A claim duly severed under Rule 41 is a 'case' within the meaning of the foregoing rule. The rule will be subject to the exception created by Davis v. McCray Refrigerator Sales Corporation [136 Tex. 296, 150 S.W.2d 377]; but it will apply to separate claims of the plaintiff, cross-actions and counterclaims by defendants against the plaintiff, cross-actions by defendants against other defendants and cross-actions by defendants against third-party defendants. Of course, the problem can be eliminated entirely by a careful drafting of judgments to conform to the pleadings or by inclusion in judgments of a simple statement that all relief not expressly granted is denied." 400 S.W.2d at 897–898.

■ Applying the applicable rule set forth by the Supreme Court to the record before us, it is our opinion that the trial court intended to, and did, dispose of all parties legally before it, and of all issues made by the pleadings between such parties.

We hold that the judgment before us is a final appealable judgment.

On the afternoon of September 20, 1969, Maria De La Luz Duran and her minor son, Alberto Duran, went into a J. C. Penney Company store in Laredo for the purpose of buying some merchandise. They were familiar with the store and went to a counter where trousers were displayed, looking for a pair of trousers for Alberto. Alberto then took a pair of trousers to a dressing room to try them on, and after ascertaining that they did not fit him, told his mother of such fact, and she then returned them to the counter from which they were obtained. They subsequently looked for more trousers, but upon finding none suitable, left the store together without purchasing anything. There is testimony, which is uncontradicted, that at the time Mrs. Duran left the store, she was carrying only a white lady's handbag and a bag containing some shirts which she had purchased from another store, which was sealed with a clip and tag from such store, and that Alberto was not carrying anything.

The testimony as to just what occurred after they left the store is in some dispute. Mrs. Duran testified that after they left the store, Rafael Avila, an employee of Penney's, grabbed her arm, asked her what she did with the bag, took out a badge which looked like a policeman's badge, and told her that she had to go to the police station; that when she told him she had no reason to go to the police station, he took her arm and she and her son were then taken to the police station, with Mr. Avila on one side of her and the other man on the other side. She testified that after she arrived at the police station, Avila stated that she had been brought in because she had stolen something; that she then gave the policeman her personal handbag and the other package she had; and that the policeman then took out all the contents, and after examining them, stated that she did not

have anything. The testimony of Alberto Duran substantiates her testimony in most respects.

Mr. Vela, the other employee of Penney's involved, testified that on the afternoon in question a man in the store came to him and asked him to assist him in finding a lost package that his son had; that his son had been in the pants department and in the dressing rooms, and that a search was then made of this area, including the dressing rooms, but nothing was found; that they had information that a boy had previously been in the dressing room; that he and Avila subsequently saw Mrs. Duran and her son leaving the store; and that they proceeded to follow them. After catching up with them, he patted Mrs. Duran on the back, and asked her to give some information about a lost package. He testified that Mr. Avila did not touch Mrs. Duran, and that they did not make any accusations that she had stolen anything; that she and her son went voluntarily to the police station; that at the police station such bags were opened; and that one bag was from Beall Bros. and contained three shirts; and that they satisfied themselves that there were no articles in her possession that had belonged to J. C. Penney or that had been purchased there. Mr. Avila did not testify.

Gustavo Guerrero, a city detective of the Laredo Police Department, testified that he was on duty on the afternoon in question; that Mrs. Duran, her son and two gentlemen came in and Mrs. Duran stated that she had been detained by the two gentlemen; that he ascertained that both were employees of J. C. Penney, one being Mr. Avila; and that to his knowledge Mr. Avila was a floor detective and carried a badge. He further testified that Mr. Avila and the other gentleman said that Mrs. Duran had taken out an item from inside the store and had gotten out of the store without paying for said item; that Avila stated that he believed the item was inside a bag which the lady was carrying; and that he opened the bag and the only things in it were some shirts from another store, and Mrs. Duran was hysterical and crying.

In addition to his other testimony, Alberto Duran testified by deposition that on the occasion when he tried on the pants, he saw a little bag in the dressing room; and that he took it out of the dressing room and put it in the cash box that was in front of the door of the dressing room. There was no testimony that any employees of Penney's or anyone else ever saw Alberto Duran or his mother with the bag which was purportedly missing.

By a number of points of error defendants assert that the jury's answers to Special Issues Nos. 1, 2, 3, 4 and 5 [1] are legally insufficient to support a judgment against them; the jury's answers to Special Issues Nos. 1, 2 and 3 are against the great weight and preponderance of the evidence; and that the trial court erred in granting judgment for plaintiffs and in not granting judgment for defendants because the uncontradicted evidence, taken together with the jury's answers to Special Issues Nos. 6 and 7,[2] establishes that the defendants did

---

1. Such findings are as follows: (1) plaintiff was directly restrained of her personal liberty; (2) plaintiff was compelled to go to police headquarters; (3) plaintiff was restrained from exercising her free will to remove herself from one place to another as she may have seen fit; (4) that a badge produced by defendants was reasonably calculated to represent to the average layman to be that of a police officer; and (5) the production of this badge caused the plaintiff to believe that she was being arrested by a police officer.

2. In answer to Special Issue No. 6 the jury found that on the occasion in question, persons in the position of Rafael Avila and/or Everardo Vela, in the exercise of ordinary care, could have believed that a package belonging to a customer was missing from a dressing room. In answer to Special Issue No. 7 the jury found that on the occasion in question persons in the position of Rafael Avila and/or Everardo Vela, in the exercise of ordinary care, could have believed that the plaintiffs might have taken the missing package from the store.

not detain plaintiff illegally, or in an unreasonable manner or for an unreasonable length of time.[3]

Defendants contend that under the terms and provisions of Article 1436e, Vernon's Tex.Penal Code Ann. (1965),[4] and Article 18.22, Vernon's Tex.Code Crim.P.Ann. (1965), they had an unqualified legal right to detain plaintiffs for the purpose of investigating the circumstances and ownership of the package which Mrs. Duran was carrying; and that in the exercise of their legal right of detention they acted reasonably and did not detain plaintiffs in an unreasonable manner or for an unreasonable length of time.[5]

■ False imprisonment in Texas is the direct restraint by one person of the physical liberty of another without adequate legal justification. Big Town Nursing Home, Inc. v. Newman, 461 S.W.2d 195 (Tex.Civ.App.—Waco 1970, no writ); Skillern & Sons, Inc. v. Stewart, 379 S.W.2d 687 (Tex.Civ.App.—Fort Worth 1964, writ ref'd n. r. e.);[6] Reicheneder v. Skaggs Drug Center, 421 F.2d 307 (Fifth Circuit 1970); 25 Tex.Jur.2d, False Imprisonment, Section 17. The essential elements of false imprisonment are: (1) a willful detention of the person; (2) a detention without authority of law; and (3) a detention against the consent of the party detained. American Insurance Ass'n v. Smith, 439 S.W.2d 418 (Tex.Civ.App.—Texarkana 1969, no writ); Kroger Co. v. Warren, 420 S.W.2d 218 [Tex.Civ.App.—Houston (1st Dist.) 1967, no writ]; Article 1169, Tex.Penal Code Ann.

■ Although the right to detain a person under certain circumstances exists under both statutes, plaintiffs assert, and we agree, that before such right of detention exists, there must be reasonable grounds to suppose the property to be stolen [Article 18.22, Code of Criminal Procedure],[7] or that shoplifting has been committed [Article 1436e, Penal Code];[8] and in both cases,

3. In answer to Special Issue No. 8 the jury found that the actions of plaintiffs were not such as to lead persons in the position of Rafael Avila and/or Everardo Vela, in the exercise of ordinary care, to believe that plaintiffs might have taken the missing package from the store.

4. Article 1436e is restricted to the offense of shoplifting, which offense is defined by such statute as the removal from a retail business establishment by a person lawfully therein of goods or other personal property *kept, stored or displayed for sale*, with certain fraudulent intent. There is no contention made here that the package involved was the property of J. C. Penney, or that it was kept, stored or displayed for sale in such store. The applicability of Article 1436e to the facts of this case appears doubtful. In any event, with regard to detention, the requirements of both statutes as to reasonableness are basically similar.

5. In answer to Special Issue No. 9 the jury failed to find that the defendants detained plaintiffs in a reasonable manner and for a reasonable length of time.

6. False imprisonment means the willful detention of a person by another without legal justification, against his consent, whether such detention be effected by violence, or by threats, or by any other means, which restrains a person from moving from one place to another.

7. "All persons have a right to prevent the consequences of theft by seizing any personal property which has been stolen, and bringing it, with the supposed offender, if he can be taken, before a magistrate for examination, or delivering the same to a peace officer for that purpose. To justify such seizure, there must, however, be reasonable ground to suppose the property to be stolen, and the seizure must be openly made and the proceedings had without delay."

8. Section 2: "All persons have a right to prevent the consequences of shoplifting by seizing any goods, edible meat or other corporeal property which has been so taken, and bringing it, with the supposed offender, if he can be taken, before a magistrate for examination, or delivering the same to a peace officer for that purpose. To justify such seizure, there must, however, be reasonable ground to suppose the crime of shoplifting to have been committed and the property so taken, and the seizure must be openly made and the proceeding had without delay."

the detention must be reasonable and for a reasonable length of time.

■ The evidence sufficiently establishes that plaintiffs were detained willfully, without their consent and without legal authority or justification. These are the essential elements of false imprisonment. The evidence also sufficiently establishes that the detention was not reasonable. The evidence and the jury's findings form a sufficient basis for the judgment entered herein. See A. Harris & Co. v. Caldwell, 276 S.W. 298 (Tex.Civ.App.—Dallas 1925, writ dismissed).[9]

By their fourth point of error defendants assert that the trial court erred and abused its discretion in overruling their motion for continuance.

Defendants' motion for continuance was filed on November 16, 1970, the day the case was set for trial. In such motion it is stated that one of the defendants, Rafael Avila, is seriously ill and under the treatment of Dr. J. G. Cigarroa, Jr., and that due to such illness, Mr. Avila would be unable to testify at such time. There is attached to such motion a letter of Dr. Cigarroa, dated November 5, 1970, which states that Avila has been under treatment by him for a number of listed illnesses, and that it is his medical opinion that it is best that he not be involved in court proceedings, or be a witness or testify.

Rule 252, Texas Rules of Civil Procedure, states in part: "If the ground of such application be the want of testimony, the party applying therefor shall make affidavit that such testimony is material, showing the materiality thereof, and *that he has used due diligence to procure such testimony, stating such diligence, and the cause of failure if known*; . . . ." (Emphasis supplied.)

■ Ordinarily, diligence to procure the testimony of a witness is the issuance and service of a subpoena in a sufficiently reasonable time before trial to enable the witness to appear or by taking depositions under such circumstances. Fritsch v. J. M. English Truck Line, 151 Tex. 168, 246 S.W.2d 856 (1952); A. E. Swift & Sons, Concrete Contractors, Inc. v. Sam Sanders, Inc., 405 S.W.2d 402 (Tex.Civ.App.—Amarillo 1966, no writ); Texas Employers' Insurance Ass'n v. Locke, 224 S.W.2d 755 (Tex.Civ.App.—Fort Worth 1949, writ ref'd n. r. e.).

■ Defendants' motion for continuance, while stating the materiality of the testimony, nowhere states that they have used due diligence to procure such testimony, nor does it set forth any diligence used. Where the motion for continuance does not allege facts showing diligence in attempting to procure testimony of an absent witness, the denial of such motion is proper. Wilemon v. State, 385 S.W.2d 573 (Tex.Civ.App.—Dallas 1965, reversed on other ground, 393 S.W.2d 816, Tex.1965); Garcia v. Canales, 434 S.W.2d 895 (Tex. Civ.App.—Corpus Christi 1968, no writ); Lopez v. Columbus Quarter Horse Ass'n, 409 S.W.2d 478 (Tex.Civ.App.—Houston 1966, writ ref'd n. r. e.).

9. "False imprisonment is necessarily a wrongful interference with the personal freedom of an individual. The tort may be committed by acts alone or by words alone, or by both, operating on the will of the individual. It is not at all necessary that there be a confinement in order to constitute false imprisonment, nor that the wrongful act be committed with ill will, malice, wrongful intention, or under color of law, although in the instant case the wrongful detention was accomplished under color of legal authority. The essence of such an offense, and all that is required, is that the individual be restrained of liberty without legal warrant under circumstances either of words or acts, or both combined, that impose such restraint on the individual as may not be reasonably disregarded. Missouri, K. & T. Ry. Co. of Tex. v. Warner, 19 Tex.Civ.App. 463, 49 S.W. 254; Gold v. Campbell, 54 Tex. Civ.App. 269, 117 S.W. 463, 465; Houston & T. C. Ry. Co. v. Roberson (Tex. Civ.App.) 138 S.W. 822, 823; Thompson v. Buchholz, 107 Mo.App. 121, 81 S.W. 490, 491." 276 S.W. at 299.

 The matter of granting or refusing a continuance is generally addressed to the sound discretion of the trial court, and an order by the trial court will not be disturbed on appeal unless there was an abuse of discretion. Hernandez v. Heldenfels, 374 S.W.2d 196, 202 (Tex.1964); Linton v. Jones, 462 S.W.2d 636 (Tex.Civ.App.—Tyler 1971, no writ); Foster v. Texas Department of Public Safety, 443 S.W.2d 66 (Tex.Civ.App.—San Antonio 1969, no writ); American Bankers Ins. Co. v. Fish, 412 S.W.2d 723 (Tex.Civ.App.—Amarillo 1967, no writ); Bray v. Miller, 397 S.W.2d 103 (Tex.Civ.App.—Dallas 1965, no writ).

The trial court did not err in denying defendants' motion for continuance, and defendants' Point of Error No. 4 is overruled.

 By their fifth point of error defendants assert that the trial court erred in permitting plaintiffs' attorney to comment on and discuss the absence of defendant and witness, Rafael Avila, and his failure to testify.

Defendants complain of the following portions of plaintiffs' attorney's argument as being prejudicial and inflammatory:

1. "How are we going to defend this lawsuit, let's get together here with Mr. Polanco and Mr. Avila, well, shall we take a chance on putting Mr. Avila on the stand? No, because he really would have to get up there probably and tell an untruth, we don't want to do that. So let's start worrying about how sick Mr. Avila has been . . . (L)et's start worrying about his mental condition and about his heart condition and get him to a doctor so they won't have an opportunity to talk to him."

2. " . . . this seriously sick man that can't be here today to defend this lawsuit."

3. " . . . he was no more totally disabled than the man in the moon. He could have made it two or three blocks to here, . . . . ."

4. "And then when we talk about exemplary damages, so that the next time Mr. Avila goes back to work after he recovers from this heart condition, that he will be a little more careful before he stops somebody and accuses them of taking a package."

5. "And I tell you if Mr. Avila had been here we would have had that badge before you, but we haven't even had a chance to talk to the man, either to take his deposition or to bring him to Court."

No objections or motions to strike were made by defendants in connection with any of the above set forth jury arguments.

The matter of the illness of Rafael Avila had previously been presented to the jury by testimony during the trial. Defendants' own witness, Vela, on examination by defendants' counsel when asked whether Avila was still working for J. C. Penney Company, replied, "No, he had a heart attack and he is totally disabled." Another of defendants' witnesses mentioned the fact that Avila was sick, and defendants introduced into evidence, over objections, a medical record of Avila. Moreover, there was testimony before the jury that Avila was able to walk around; that he had been seen in town on occasions; that he had been seen in the store; and that he walks, talks and goes everywhere.

 As a general rule, in order to entitle one to a new trial because of improper argument of counsel, it must be shown that an objection was made and overruled at the very time the argument was made; and it is only when the probable harm or the resulting prejudice cannot be eliminated or cured by retraction or instruction, that a new trial will be awarded in the absence of timely objection. Texas Employers' Ins. Ass'n v. Haywood, 153 Tex. 242, 266 S.W. 2d 856 (1954); Ramirez v. Acker, 134 Tex. 647, 138 S.W.2d 1054 (1940); Williams v. General Motors Acceptance Corp., 428 S. W.2d 441 (Tex.Civ.App.—San Antonio 1968, no writ); 41 Tex.Jur.2d, New Trial, Section 31; 56 Tex. Jur.2d, Trial, Section 324.

Before a judgment is reversed because of argument of counsel, the argument must be improper and it must be such as to satisfy the reviewing court that it was reasonably calculated to cause, and probably did cause, the rendition of an improper judgment in the case. Texas Sand Co. v. Shield, 381 S.W.2d 48, 58 (Tex. 1964); Aultman v. Dallas Railway & Terminal Co., 152 Tex. 509, 260 S.W.2d 596 (1953); Williams v. General Motors Acceptance Corp., supra.

After careful consideration of the entire record before us, we hold that the record does not establish any reversible error of the trial court pertaining to the matter of argument of counsel. Defendants' fifth point of error is overruled.

By their last two points of error defendants complain that the jury's finding of $3,000.00 damages is against the great weight and preponderance of the evidence, and is excessive.

Plaintiff, Mrs. Duran, testified that when Mr. Avila stopped her, showed her his badge, and accused her of taking a package, she became very nervous and embarrassed; that she started crying because she was embarrassed and because he did not let go of her arm; that people from the store were looking at her; that she had seen a doctor in Mexico for her nervousness and is taking pills for such nervousness; and that she wasn't feeling very well and could not sleep.

The law is well settled that before an appellate court will disturb a judgment rendered upon a jury verdict on the ground that a verdict is excessive, there must be circumstances tending to show that it is the result of passion, prejudice or other improper motive, or that the amount fixed was not the result of a deliberate and conscientious conviction in the minds of the jury and court, or so excessive as to shock a sense of justice in the minds of the appellate court. Missouri Pacific Railroad Co. v. Miller, 426 S.W.2d 569 (Tex.

Civ.App.—San Antonio 1968, no writ); Green v. Rudsenske, 320 S.W.2d 228 (Tex. Civ.App.—San Antonio 1959, no writ).

The award of an amount for physical and mental pain and suffering is largely left to the discretion of a jury. There are no fixed rules by which a just and fair compensation for pain and suffering can be ascertained, but must necessarily rest largely in the sound discretion of those whose primary duty is to assess the damages; and unless damages awarded are clearly excessive, thereby showing abuse of such discretion or indicating passion, prejudice, corruption or disregard of evidence, the trial court's award will be binding upon the appellate court. Skillern & Sons, Inc. v. Stewart, supra; Missouri Pacific Railroad Co. v. Goodson, 345 S.W.2d 569 (Tex.Civ.App.—San Antonio 1961, writ ref'd n. r. e.); Pruett v. Mabry, 268 S.W. 2d 532 (Tex.Civ.App.—Beaumont 1954, writ ref'd n. r. e.); Nussbaum v. Anthony, 214 S.W.2d 686 (Tex.Civ.App.—Amarillo 1948, writ ref'd n. r. e.).

The fact that no physical hurt was inflicted on one complaining of false imprisonment or arrest is not grounds for denying recovery of reasonable compensation from mental suffering of which humiliation, shame and fright are elements to be considered. Reicheneder v. Skaggs Drug Center, supra; S. H. Kress & Co. v. Rust, 97 S.W.2d 997 (Tex.Civ.App.—Fort Worth 1936, affirmed 132 Tex. 89, 120 S. W.2d 425, 1938); McDonald v. Henderson, 250 S.W. 463 (Tex.Civ.App.—Amarillo 1923, no writ).

After careful review of the entire record we cannot say that the jury's award of $3,000.00 is against the great weight and preponderance of the evidence, or is so excessive as to shock our sense of justice. Defendants' Points of Error Nos. 9 and 10 are overruled.

All of defendants' points of error have been considered, and all are overruled. The judgment of the trial court is affirmed.