

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN, TEXAS 78711

**JOHN L. HILL**
**ATTORNEY GENERAL**

November 30, 1973

The Honorable Joe Max Shelton
County Attorney
Grayson County
Sherman, Texas 75090

Opinion No. H- 168

Re: Whether security guard
employed by store has
authority to arrest per-
son committing crime on
store premises or to
detain such persons for
subsequent arrest by
local law enforcement
agency

Dear Mr. Sheldon:

You have asked this office for an opinion as to whether private security guards have legal authority to arrest and detain persons violating criminal laws, particularly shoplifting and theft, on the premises of retail stores where such security guards are employed. The broad answer to your questions is that they do have such authority, based upon and limited by statute.

Article 1436e, Vernon's Texas Penal Code, defines and prohibits shoplifting. Sections 2 and 3 of this Article provide:

"Sec. 2. All persons have a right to prevent the consequences of shoplifting by seizing any goods, edible meat or other corporeal property which has been so taken, and bringing it, with the supposed offender, if he can be taken, before a magistrate for examination, or delivering the same to a peace officer for that purpose. To justify such seizure, there must, however, be reasonable ground to suppose the crime of shoplifting to have been committed and the property so taken, and the seizure must be openly made and the proceeding had without delay.

> "Sec. 3. Any merchant, his agent or employee, who has reasonable ground to believe that a person has wrongfully taken or has wrongful possession of merchandise, may detain such person in a reasonable manner and for a reasonable length of time for the purpose of investigating the ownership of such merchandise. Such reasonable detention shall not constitute an arrest nor shall it render the merchant, his agent or employee, liable to the person detained. "

The limitations imposed by Article 1436e are that (1) there must be reasonable grounds to suppose the crime has been committed, (2) the seizure must be openly made and (3) any detention shall be upon reasonable grounds in a reasonable manner and for a reasonable length of time. Article 1436e has been repealed by the new Penal Code effective January 1, 1974. (See Section 31.02, Acts 1973, 63rd Legislature, ch. 399, p. 929).

Section (a) of Article 14.01, Texas Code of Criminal Procedure, provides:

> "A peace officer or any other person, may, without a warrant, arrest an offender when the offense is committed in his presence or within his view, if the offense is one classed as a felony or as an offense against the public peace. "

However, this provision is applicable only to felonies or offenses against the public peace. At the present time, Article 1436e, V. T. P. C., makes it a felony to shoplift goods of a value over $50. After January 1, 1974, the felony amount will be a value over $200. (§ 31.03, new Penal Code, supra).

Article 18, 22, Texas Code of Criminal Procedure, provides:

> "All persons have a right to prevent the consequences of theft by seizing any personal property which has been stolen, and bringing it, with the supposed offender, if he can be taken, before a magistrate for examination, or delivering the same to a peace officer for that

> purpose. To justify such seizure, there must,
> however, be reasonable ground to suppose the
> property to be stolen, and the seizure must be
> openly made and the proceedings had without delay."

This Article has been reenacted as a conforming amendment in connection with the new Penal Code. (See Article 18.16, Laws 1973, 63rd Leg., ch. 399, p. 985). It applies to any "theft," whether felony or misdemeanor. It requires bringing the accused before a magistrate or peace officer and requires "reasonable ground," open seizure and proceedings without delay.

The new Penal Code, supra, also contains at p. 988 a conforming amendment which adds Article 1d to Vernon's Texas Civil Statutes providing:

> "A person reasonably believing another has
> stolen or is attempting to steal property is privileged
> to detain the person in a reasonable manner and for
> a reasonable period of time for the purpose of inves-
> tigating ownership of the property."

The limitations contained in these various statutes are recognized and enforced by the courts. In J. C. Penney Co. v. Duran, 479 S. W. 2d 374 (Tex. Civ. App., San Antonio, 1972, ref'd n. r. e.), a suit for false arrest and imprisonment growing out of an alleged shoplifting incident, the court, in upholding a judgment and verdict for the plaintiff, stated:

> "Defendants contend that under the terms and
> provisions of Article 1436e, Vernon's Tex. Penal Code
> Ann. (1965), and Article 18.22, Vernon's Tex. Code
> Crim. P. Ann. (1965), they had an unqualified legal
> right to detain plaintiffs for the purpose of investigating
> the circumstances and ownership of the package which
> Mrs. Duran was carrying; and that in the exercise of
> their legal right of detention they acted reasonably and
> did not detain plaintiffs in an unreasonable manner or
> for an unreasonable length of time." (479 S. W. 2d at 379)

"Although the right to detain a person under certain circumstances exists under both statutes, plaintiffs assert, and we agree, that before such right of detention exists, there must be reasonable grounds to suppose the property to be stolen [Article 18.22, Code of Criminal Procedure], or that shop-lifting has been committed [Article 1436e, Penal Code]; and in both cases, the detention must be reasonable and for a reasonable length of time."
(479 S.W. 2d at 379)

This opinion has been focused primarily on arrests and detentions for shoplifting and theft because we believe this is the crime for which most persons are apprehended by private security guards in retail stores. You should notice, however, that Article 14.01(a), cited and quoted above, applies to any felony, provided the guards have reasonable grounds to suppose that property is stolen.

### SUMMARY

Private security guards, upon the existence of reasonable grounds, may arrest and detain persons supposedly guilty of crime in retail stores, provided reasonable grounds exist to suppose the crime has been committed; the seizure is made openly; and the detention is upon reasonable grounds, in a reasonable manner and for a reasonable time.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee