Donald E. BROWN, Appellant,

v.

H. L. GAGE, d/b/a H. L. Gage Trucking
and Well Service Co., Appellee.

No. 17575.

Court of Civil Appeals of Texas,
Fort Worth.

Jan. 31, 1975.

Mitchell G. Davenport, and Patrick A. Myers, Jacksboro, Texas, and Nelson,

Montgomery & Robertson, Wichita Falls, Texas (On Appeal Only), for appellant.

Fillmore, Lambert, Farabee & Purtle, and Clyde Fillmore, Wichita Falls, for appellee.

## OPINION

SPURLOCK, Justice.

The plaintiff, H. L. Gage, d/b/a H. L. Gage Trucking and Well Service Company, sued Donald E. Brown, individually and d/b/a Ravenwood Gas Company, and the Cequin Corporation for debt. The debt was for pipe and trucking service. Invoices are attached to the pleadings. For the sake of brevity we will refer to plaintiff as Gage, and to the defendants as Brown, and Cequin.

This is a suit on an account filed on December 18, 1973. After proper service on all defendants, Donald E. Brown and Cequin Corporation filed a general denial on January 14, 1974. Brown filed a general denial and further pleaded that (1) Gage had failed to deliver the total amount of pipe as set forth in the exhibits and (2) that the pipe was not the quality agreed upon. On the same day Donald E. Brown and Cequin Corporation both filed separate pleas of privilege. The defendants' pleas of privilege were overruled on January 31, 1974, on the date set for hearing, after due notice.

On the day defendants' pleas of privilege were overruled, the court set the case for trial on its merits for February 18, 1974.

On February 18, 1974, defendants' attorney requested by telephone that the case be continued. By agreement of the parties the defendants were charged with a first continuance and the case was reset for February 25, 1974.

On February 22, 1974, the defendants, through their attorney, signed their second application for continuance requesting that the case be continued until "March 4th, 1974, or a later date." Although the file mark shows this motion not to have been filed until February 26, 1974, it was before the court on February 25, 1974, at which time the court granted the defendants' second motion for continuance and reset the case for trial at 9:00 o'clock a. m. March 4, 1974. This is the date defendants suggested in their second motion for continuance. Thereafter, on March 4, 1974, the defendants filed their third application for continuance. Brown, individually, and as President of Cequin, and their attorney appeared in open court and the defendant Brown testified in support of the motion. After the court had heard all the evidence the motion was overruled. The record does not reflect that at this time nor at any other time, was anything said about any of the defendants filing an amended pleading, the contents of such pleading, or the court's ruling thereon. The only motion before the court, considered by the court, or ruled on by the court, was appellants' third motion for continuance.

After the third motion for continuance was overruled, the defendants and their attorney refused to remain for any further proceedings and told the court that as far as they were concerned the matter was in his hands and he could proceed as he desired, whereupon they both left the courtroom and the courthouse.

The court then proceeded to hear testimony and evidence and rendered judgment in behalf of the plaintiff and against the defendants, jointly and severally, for the debt and attorney's fees.

The defendant Brown filed a motion for a new trial upon the single ground that the court erred in overruling defendants' third motion for continuance.

A summary of the evidence presented the court on the third motion is to the effect that plaintiff sold the defendants some drill pipe and line pipe that was represented to be first class pipe. The defendant or defendants had a contract with Bryson Construction Company to lay about 22,000

feet of pipe to be used in transmission of gas from a gathering system to a larger plant. Bryson went out of business before the job was completed. It was discovered in June, 1973, that there were leaks in the gas line. The defendants had been investigating these leaks from June, 1973, up to March 4, 1974, the date of trial. Only about 5% to 10% of the pipe used in laying the line was bought from the plaintiff. The defendants do not know what is causing the leaks unless it is possibly bad pipe but they do not know who furnished the pipe. The defendants have been billed by Service Pipe & Supply Company, Bryson Construction Company, and Teague Construction Company, for pipe used in this pipe line. This 22,000 feet of pipe is known as the Kinder System. Mr. S. E. Kinder, Jr., was a former employee of the defendants. The defendants do not know his location or what his testimony will be. Mr. Gene McAnear was an employee of Bryson Construction Company. His attorney has advised the defendants that Mr. McAnear has quit his job and is working in southern Oklahoma. The defendants do not know where he is or what his testimony will be. The defendant Brown had a fever and was unable to travel for two weeks beginning February 14, 1974.

The third application for continuance alleges that the defendants have an offset of approximately $4,000.00 for breach of an express warranty of the quality of pipe sold defendants. Defendants further plead that they have been unable to ascertain sufficient facts in order to plead and prove the offset. In very general terms they have alleged that they "have made a diligent effort to ascertain the facts concerning the delivery, installation, and condition of the pipe delivered to the job in question," without alleging facts in support of this conclusion; and have been unable to obtain invoices from Service Pipe and Supply, Bryson Construction Company, and Teague Construction Company. The recent illness of Brown is alleged as an additional ground for continuance.

At the hearing Brown admitted that he had those invoices in his possession, and had not consulted a doctor since February 14, 1974.

Cequin did not perfect its appeal.

The defendant Brown's first point of error attacks the trial court's action in denying their third motion for continuance. The second point of error attacks the trial court's action in denying his leave to file a "more detailed answer" concerning their compulsory counterclaim.

We overrule each of those points of error.

It is clear that the defendants did not comply with Rule 252, Texas Rules of Civil Procedure (formerly Art. 2168, V.A.T.S.), sometimes referred to as statutory grounds for continuance. That rule and the interpretation thereof provides that before a third motion for continuance should be granted, as a matter of right, the affidavit supporting such motion must show: (1) that such testimony is material; (2) showing the materiality thereof; (3) that such movant has used due diligence to procure such testimony; (4) stating such diligence; (5) and the cause of failure, if known; (6) that such testimony cannot be procured from any other source; (7) and if it be for the absence of a witness, movant shall state the name of the witness; (8) the residence of the witness; (9) what he expects to prove by him.

█ It is only on the first application that it is not necessary to show that the absent testimony cannot be procured from any other source. On all subsequent applications, this must be shown.

█ Each of the above requirements of Rule 252 must be complied with by the defendants before they can complain of the order of the court in overruling their motion for continuance.

█ The facts must be alleged and the allegations cannot be made in general

terms or by stating conclusions. Wilson Finance Company v. State, 342 S.W.2d 117 (Austin, Tex.Civ.App., 1960, motion to amend dism., 348 S.W.2d 639, Austin, Tex.Civ.App., 1961, no writ hist.); Davis v. National Acceptance Co., 233 S.W.2d 321 (Dallas, Tex.Civ.App., 1950, ref., n. r. e.); Aetna Insurance Company v. Klein, 318 S.W.2d 464 (Houston, Tex.Civ.App., 1958, reversed on other grounds at 160 Tex. 61, 325 S.W.2d 376, 1959); Lopez v. Columbus Quarter Horse Association, 409 S.W.2d 478 (Houston, Tex.Civ.App., 1966, ref., n. r. e.); J. C. Penney Company v. Duran, 479 S.W.2d 374 (San Antonio, Tex.Civ.App., 1972, ref., n. r. e.); Emmco Insurance Company v. Burrows, 419 S.W.2d 665 (Tyler, Tex.Civ.App., 1967, no writ hist.); American Bankers Insurance Company v. Fish, 412 S.W.2d 723 (Amarillo, Tex.Civ.App., 1967, no writ hist.); Niles v. Dean, 363 S.W.2d 317 (Beaumont, Tex. Civ.App., 1962, no writ hist.); and Texas Employers Insurance Association v. Jackson, 366 S.W.2d 599 (Waco, Tex.Civ.App., 1963, ref., n. r. e.).

A general statement of the law applicable is found in 13 Tex.Jur.2d 23, Sec. 108, "Continuance," which is as follows:

"The object of the statute is to prevent frivolous grounds of continuance to delay the trial. If the use of due diligence is not alleged, the application is not statutory, even though the facts stated may show diligence. It is not sufficient merely to aver that diligence has been used; the diligence that has been used must be set out. The diligence ought to be shown specifically; mere conclusions that it was used are insufficient. The application should set out the diligence with sufficient particularity and certainty to enable the court, from the application alone, to judge whether sufficient diligence has been used."

"Under the general rule, the granting or refusing of a continuance is addressed to the sound discretion of the court, . . . . " American Bankers Insurance Company v. Fish, supra.

■ Under the record before us we feel we are legally bound to hold the trial court did not abuse its discretion.

Defendants further contend that the setting of March 4, 1974, was not proper because of the effect of Rule 8 of the rules of the District Court of Wichita County, Texas, for the Trial of Civil Cases, "Setting of Non-Jury Cases." This rule provides that the court may in his discretion set a case for trial anytime with the agreement of the parties. If no agreement exists then the parties are entitled to 15 days written notice.

■ Appellants in their second motion for continuance requested the court to set this case for trial on its merits on March 4, 1974. The court granted their motion for continuance and set the case for the date requested by the defendants, at which time the case proceeded to trial.

We find no violation of the rule reflected by the record.

■ The defendant Brown's second point of error attacks the court's action in denying the defendants their motion to amend their original answers to include more detailed allegations concerning their compulsory counterclaims.

The record does not reflect that the defendants filed such motions, requested leave to file amended answers, the contents of such amended answers, or any action of the courts thereon. The point of error must be overruled for want of ground in support.

We affirm the judgment.