**HURST AVIATION and John Sieverling, Appellants,**

v.

**Vicki Lynn JUNELL, as next friend for Jason Matthew Tatum, Sharon Aday, Administratrix of the Estate of Kenneth Reed McBride, deceased and Administratrix of the Estate of Kay Lynn McBride, deceased and Cecil Tatum and Frances Tatum, Appellees.**

No. 2–81–043–CV.

Court of Appeals of Texas, Fort Worth.

Nov. 24, 1982.

McDonald, Sanders, Ginsburg, Phillips, Maddox & Newkirk, and Sam J. Day, Fort Worth, for appellants.

Shwiff, Caraway & Emerson, and Marvin G. Shwiff, John P. Knouse, Dallas, for appellees.

Before JORDAN, HOLMAN and RICHARD L. BROWN, JJ.

## OPINION

RICHARD L. BROWN, Justice.

This is an appeal from a judgment rendered in favor of appellees who brought suit against appellant's under both the Wrongful Death Act, Tex.Rev.Civ.Stat.Ann. art. 4671 (1982), et seq., and the Survival Statute, Tex.Rev.Civ.Stat.Ann. art. 5525 (1982). Judgment was for damages resulting from the death of Kenneth Reed McBride, Kay Lynn McBride and Larry Eugene Tatum in an airplane accident.

We affirm.

On September 28, 1978, appellant, John H. Sieverling, was piloting a small propeller airplane leased by appellant, Hurst Aviation, Inc., within the course and scope of his employment with Hurst Aviation, Inc., as a flight instructor. The flight originated and was to be completed at Mangham Airport in Tarrant County. As Sieverling made his final approach to the airport and began his descent in preparation to land, he overtook another small airplane piloted by Kenneth McBride, deceased. The nose of the plane operated by Sieverling collided with the rear of the McBride plane. The planes were estimated to be at least sixty feet above the ground at the time of the initial collision. Immediately after the tip-to-tail collision the lead plane plummeted to the ground "like a rock." Sieverling was able to land his airplane safely at the airport. The crashed aircraft was located by rescue personnel in a tree shrouded field adjacent to the airport, approximately thirteen minutes after the accident. Kenneth McBride and Larry Tatum were found dead inside the plane. The third victim, Kay Lynn McBride, was found severely injured, but alive, approximately 20–50 feet from the plane. She was transported to a local hospital where she died three hours later from the injuries received in the crash. An examination of the downed plane revealed that its horizontal stabilizer had received six separate propeller cuts which caused the stabilizer to dislodge from its fixed horizontal position to free falling vertical position, which in turn caused the plane to crash.

As a result of the three fatalities this suit was instituted by the following plaintiffs: 1) Vicki Lynn Junnell (divorced wife of Larry Tatum, deceased) as next friend for Jason Matthew Tatum (the six year old son of Larry Tatum and Vicki Junnell); 2) Sharon Aday (divorced wife of Kenneth McBride, deceased) as administratrix of the estates of Kenneth McBride and Kay Lynn McBride (the sixteen year old daughter of Kenneth McBride and Sharon Aday); and 3) Cecil Tatum and Frances Tatum (the father and mother of Larry Tatum, deceased). The case was tried to a jury which found that Sieverling was seventy five percent negligent and that Kenneth McBride was twenty five percent negligent. The jury answered the remainder of the special issues favorably to appellees and judgment was rendered thereon awarding appellees damages, in the aggregate, of $283,964.86.

Appellants contend by their first two points of error that there is no evidence, or alternatively, insufficient evidence to support the jury's answers to two special issues regarding damages. Appellants also urge that in any event the damages awarded were excessive. The special issue initially assailed is Special Issue Number Seven reads:

> From a preponderance of the evidence, what sum of money, if any, do you find would have fairly and reasonably compensated Kenneth Reed McBride for his mental anguish, if any, suffered before his death, as a result of the occurrence in question?

Answer in dollars and cents, if any.

ANSWER: $20,000.00

Appellants argue that there is no evidence that Kenneth Reed McBride survived the impact of the crash. Therefore, there could be no mental anguish suffered by McBride after the crash and only two seconds of possible mental anguish, if any, between the mid-air collision and the crash. Appellants suggest that the evidence is totally lacking to support the jury's award.

We disagree.

Our review of a "no evidence" point requires us to consider only the evidence and inferences therefrom which tend to support the jury's finding. On the other hand, when we confront a challenge that the evidence is "insufficient" we view all of the evidence to determine whether the evidence supporting the finding is so weak or the evidence to the contrary is so overwhelming as to warrant a setting aside of the finding and remanding for a new trial. *Garza v. Alviar,* 395 S.W.2d 821 (Tex.1965); *In re King's Estate, King v. King,* 150 Tex. 662, 244 S.W.2d 660 (1951).

Basically, appellants argue that there is no evidence that McBride survived the impact of the crash, nor that he suffered mental anguish *after the plane hit the ground.* Therefore, appellants stress that the mental anguish, if any, that McBride suffered would have been in the fleeting period of time that elapsed between the time of the mid-air collision and the plane's impact with the ground. We agree with appellants that there is no evidence that McBride survived for any amount of time after the crash. However, the evidence and inferences therefrom undeniably show that for a brief period of time McBride realized his plight. Unable to control his craft, McBride suffered the horror of his impending doom as the plane plummeted to the earth. We find that the evidence sufficiently shows that McBride suffered mental anguish immediately prior to his death. "Consciousness of approaching death is a proper element to be considered in evaluating mental suffering." *Jenkins v. Hennigan,* 298 S.W.2d 905, 911 (Tex.Civ.App.— Beaumont 1957, writ ref'd n.r.e.); *Green v. Hale,* 590 S.W.2d 231, 237 (Tex.Civ.App.— Tyler 1979, no writ).

The question now becomes whether the jury award was excessive. Appellant argues that the momentary mental anguish does not support the $20,000.00 award. "Regardless of how brief in duration, a tremendous amount of fear can be inferred from the surrounding circumstances, and it was the duty of the jury to translate that moment of mental anguish into an appropriate monetary award." *Green v. Hale,* supra at 239. We must view the evidence in the light most favorable to the jury's award in determining whether the same excessive. *J.A. Robinson Sons, Inc. v. Ellis,* 412 S.W.2d 728 (Tex.Civ.App.—Amarillo 1967, writ ref'd n.r.e.). The jury award will be held to be excessive only if the appellants affirmatively show that the award is a result of passion, prejudice or other improper motive; or if appellants affirmatively show that the award was not the result of conscientous conviction in the minds of the jury. Otherwise the verdict will not be held excessive unless it shocks the conscience of the court. *J.C. Penney Co. v. Duran,* 479 S.W.2d 374 (Tex.Civ.App.—San Antonio 1972, writ ref'd n.r.e.); *Texas Consolidated Transportation Co., v. Eubanks,* 340 S.W.2d 830 (Tex.Civ.App.—Waco 1960, writ ref'd n.r.e.). This court will not substitute its judgment for that of the jury. *Texas Consolidated Transportation Co. v. Eubanks, supra.*

We do not find the $20,000.00 jury verdict for McBride's mental anguish excessive. Appellant has not met his burden to show that the amount of the jury award was arrived at improperly under the authorities cited above. Point of error one is overruled.

Next, appellants maintain that there is no evidence, or alternatively, insufficient evidence, to support the jury finding in response to Special Issue Number Fourteen, which reads:

What sum of money, if any, if now paid in cash, do you find from a preponderance of the evidence would fairly and reasonably compensate Jason Matthew Tatum, for his pecuniary loss, if any, resulting from the death of Larry Eugene Tatum, his father?

Consider the following elements, if any, and none other; care, maintenance, support, services, education, advice, counsel, nd (sic) contributions of pecuniary vlue (sic) that such child would, in reasonable probability, have received from him during his lifetime, had he lived.

Answer in dollars and cents if any.

ANSWER: $110,000.00

■ Appellants argue that because Larry Eugene Tatum was behind in his child support payments at the time of his death, there is no evidence that Tatum would have provided support to his son had he lived. This contention is completely without merit. The record before us is replete with evidence of the close and loving relationship between Tatum and his son. In fact, the child was living with his father at the time of the father's death. Expert testimony was elicited regarding costs for a college education, which the parents had planned to provide for their son. We find that the jury had before it ample evidence upon which to base the award in question. Moreover, appellants have not met their burden to show that the $110,000.00 award was excessive under *J.C. Penney Co. v. Duran, supra;* and *Texas Consolidated Transportation Co. v. Eubanks, supra.* Appellants' second point of error is overruled.

■ By their final two points of error, appellants complain that it was error for the trial court to sign a second judgment submitted by the appellees. On August 14, 1981, the trial court signed an original judgment which incorrectly ordered recovery for Vicki Lynn Junnell against appellants and "[T]he Estate of Kenneth Reed McBride, Deceased, jointly and severally ..." The estate of a deceased is not a legal entity and cannot sue or be sued as such. Rather, it is the representative of the estate that must be named in that capacity to enforce rights against an estate. *Price v. Estate of Anderson,* 522 S.W.2d 690 (Tex.1975). Realizing this error, counsel for plaintiffs submitted a second judgment to the trial court, inappropriately designated as a nunc pro tunc judgment, which was signed by the trial court on October 27, 1981. The second judgment was identical to the first judgment except that it provided that Vicki Lynn Junnell, as next friend for Jason Matthew Tatum, recover from appellants "*Sharon Aday, as Administratrix of the Estate of Kenneth Reed McBride, Deceased ...*" At the time the second judgment was signed, appellants' motion for new trial was pending in the trial court. Tex.R.Civ.P. 329b(e) provides: "If a motion for new trial is timely filed by any party, the trial court, regardless of whether an appeal has been perfected, has *plenary power* to grant a new trial or *to vacate, modify, correct,* or *reform* the judgment until thirty days after all such timely-filed motions are overruled, either by written and signed order or by operation of law, whichever occurs first." [Emphasis added.] The second judgment was not a true nunc pro tunc judgment because it was signed within the time perimeter of rule 329b(e). *Ortiz v. O.J. Beck,* 611 S.W.2d 860 (Tex.Civ.App.—Corpus Christi 1980, no writ). The action taken by the trial court to correct the original judgment was a proper exercise of its plenary power. *Mathes v. Kelton,* 569 S.W.2d 876 (Tex.1978); *Transamerican Leasing Company v. Three Bears, Inc.,* 567 S.W.2d 799 (Tex.1978). Points of error three and four are overruled.

The judgment of the trial court is affirmed.