Luz Angel **RODRIGUEZ**, et al.

v.

**GREAT WESTERN LEASING, INC.,** et al.

No. 1:92–CV–507.

United States District Court,
E.D. Texas,
Beaumont Division.

April 7, 1995.

Clint Lewis & Mark P. Henry, Lewis & Henry, Beaumont, TX, for plaintiffs.

Dewey Gonsoulin, Mehaffy & Webber, Beaumont, TX, for defendants.

***MEMORANDUM OPINION CONCERNING DEFENDANTS' MOTION FOR JUDGMENT NOTWITHSTANDING VERDICT AND CROSS–DEFENDANT'S MOTION FOR ENTRY OF JUDGMENT AS A MATTER OF LAW***

HINES, United States Magistrate Judge.

This opinion states the court's reasons for its order denying the referenced post-verdict motions.

### 1. Nature of Case; Proceedings

This action arises out of a highway collision between a pick-up truck and an eighteen-wheel tractor-trailer rig transporting an oversized load. The collision occurred on September 18, 1992 on Texas State Highway 321 near Cleveland, Texas.

The three occupants of the pick-up truck were killed instantaneously. Representatives of their estates brought causes of action under the Texas Survival Statute [1] against the driver of the tractor-trailer rig and his employer. Statutory beneficiaries asserted separate wrongful death causes of action.[2] Plaintiffs for decedent Claudio Cruz Rodriguez, the truck's passenger, also sued decedent Placido Rodriguez, the driver of the truck, alleging his negligence contributed to the accident.

Plaintiffs for one decedent settled prior to trial. Causes of action relating to the deaths of Claudio Cruz Rodriguez and Placido Rod-

---

**1.** Tex.Civ.Prac. & Rem.Code Ann. § 71.021 (Vernon 1994).

**2.** *See* Tex.Civ Prac. & Rem.Code Ann. § 71.002 (Vernon 1994).

riguez proceeded to jury trial.[3] The jury determined both defendants and Placido Rodriguez, the driver of the pick-up, were negligent. The percentages of causation attributed by the jury to the negligent parties were as follows:

| | | |
|---|---|---|
| Curtis Chancellor | (18–wheel truck driver) | 40% |
| St George Steel | (Chancellor's employer) | 10% |
| Placido Rodriguez | (pick-up truck driver) | 50% |

The jury made no monetary damage award to the plaintiff asserting a wrongful death claim on account of the death of Placido Rodriguez. The jury awarded $100,000 to the plaintiffs asserting a wrongful death claim for the death of Claudio Cruz Rodriguez. The jury awarded $100,000 to the representatives of the estates of each decedent.

## 2. Pending Motions

Pending are Defendants' Motion for Entry of Judgment Notwithstanding Verdict and Cross–Defendant's Motion for Entry of Judgment as a Matter of Law. The motions attack only that portion of the verdict which awarded damages for the survival causes of action. Movants aver correctly that the jury was instructed to consider only the decedents' mental anguish prior to death. Defendants argue there is no evidence to support a jury finding that the decedents were consciously aware of an impending collision or otherwise suffered mental anguish. As a result, movants contend any award for decedents' conscious mental anguish prior to death cannot be supported.

## 3. Analysis and Discussion

■ There was no direct evidence of the decedents' mental anguish. Therefore, the jury could have exercised its discretion as trier of fact to withhold any damage award. See Moorhead v. Mitsubishi Aircraft Int'l, Inc., 828 F.2d 278 (5th Cir.1987). However, that is not the issue here. The issue is whether the jury had discretion to award survival damages under the evidence it heard.

The evidence presented at trial suggested several plausible scenarios as to how the accident occurred. After considering each, the court concludes there was sufficient circumstantial evidence for the jury reasonably to infer that occupants of the pick-up truck became aware of the impending crash with the defendants' truck and oversized load immediately prior to the collision. Under each scenario, the decedents' vehicle entered into a skid prior to the collision with the eighteen-wheel rig. This is the type of event which more likely than not would command attention despite routine distractions, and compel persons to assess whether they were in imminent peril.

If the jury found that decedents became aware of peril, the jury could also infer under the circumstances that they sensed they were facing certain catastrophic injury. Therefore, while there was no direct evidence of mental anguish on the part of plaintiff's decedents, the jury was permitted to conclude that the decedents more likely than not suffered momentary mental anguish prior to the collision.

■ It follows that the jury was entitled to make an award for mental anguish of the decedents. It does not follow necessarily that six-figure awards to each decedent's estate are supported by evidence. After examining the evidence, the court also finds the jury's verdict regarding survival damages is excessive and contrary to right reason.

No published precedent supports a finding of $100,000 for a few seconds of mental anguish preceding instantaneous death under Texas law. Instead, cases cited to the court in which juries have evaluated a decedent's momentary mental anguish have yielded judgments not exceeding $20,000. See Hurst Aviation v. Junell, 642 S.W.2d 856 (Tex. App.—Fort Worth 1982) ($20,000 awarded for mental anguish of pilot prior to impending crash and instantaneous death not excessive); Green v. Hale, 590 S.W.2d 231 (Tex. Civ.App.—Tyler 1979) ($5,000 awarded for mental anguish prior to instantaneous death). See also Missouri Pacific Railroad Co. v. Lane, 720 S.W.2d 830, 833 (Tex.App.—Texar-

---

3. Trial was before a United States magistrate judge pursuant to consent of the parties. See 28 U.S.C. § 636(c).

kana 1986) (six to eight seconds of mental anguish valued at $19,500).

All cases in which larger sums similar to the present award were approved involved conscious pain and suffering together with mental anguish. *See Snyder v. Whittaker Corp.*, 839 F.2d 1085 (5th Cir.1988) (drowning victim alive, unimpaired, and fully conscious before vessel capsized); *Harris County Hosp. Dist. v. Estrada*, 872 S.W.2d 759 (Tex. App.—Houston 1993) (sulfa drugs negligently administered, decedent lingered sixteen days as her body swelled and skin smelled of charred flesh); *Levinge Corp. v. Ledezma*, 752 S.W.2d 641 (Tex.App.—14th Dist.1988) (crash victim still alive, eyes open, trying to cough when entering ambulance).

Nothing in this case suggests extensive mental anguish of the decedents. They were unaware of pending danger when they passed the escort vehicle for the eighteen-wheel rig. This was 1000 feet or less from the crash site. The closing rate of speed was at least 130 feet per second.[4] This means that under the most favorable scenario, there were less than eight seconds of mental anguish. Indeed, greater weight of the evidence suggests that there were only one or two seconds, or less, of skidding before the crash.

Under these circumstances, the court concludes the maximum award for mental anguish supported by the evidence and Texas law is $20,000 per decedent. Accordingly, the court will suggest a remittitur whereby each estate's representatives will consent to reduction of the verdict to such sum. Absent such consent, the court will order a new trial on the issue of survival cause of action damages only.

4. The evidence was that Chancellor's truck was moving at a speed of thirty-eight to fifty-eight miles per hour. The evidence as to the decedent's truck's speed was that it was traveling between forty miles per hour and "greater than the speed limit." This produces a closing rate range of 78 m.p.h. (130 feet per second) to 113 m.p.h. (188.33 feet per second).