**GIBSON DISCOUNT CENTER, INC., Appellant,**

v.

**Guadalupe CRUZ, Appellee.**

**No. 6663.**

Court of Civil Appeals of Texas, El Paso.

Feb. 1, 1978.

Rehearing Denied March 1, 1978.

Rassman, Gunter & Boldrick, John E. Gunter, Midland, for appellant.

Dan D. Sullivan, Andrews, for appellee.

## OPINION

OSBORN, Justice.

The Appellee, Guadalupe Cruz, was charged with misdemeanor theft for "shoplifting" in Appellant's store in Odessa, Texas. A jury acquitted him of the charge. In this suit alleging false imprisonment and malicious prosecution, the jury awarded Mr. Cruz $5,000.00 in actual damages and $5,000.00 in exemplary damages. We affirm.

The Appellee is employed by Andrews County as a supervisor in the maintenance of its golf course. He has worked for the County for about five years and has six employees working under his direction. On November 2, 1974, he drove his mother and sister to the Gibson store on West County Road in Odessa to shop for groceries. After his mother completed the shopping, she told Guadalupe to bring the car to the front of the store while she checked out. After walking out of the store, Mr. Cruz was stopped by a security agent who asked him if he had forgotten to pay for something and asked him to come back into the store office. At that time, Mr. Cruz, and subsequently his mother and sister, were all questioned about a hat he was wearing and which he had not paid for as he left the store to go to his car. All three said the hat had been previously purchased at the Gibson store.

The security personnel did not believe Mr. Cruz or the other members of his family and the police were called. Mr. Cruz was taken to town, booked for a Class "C" misdemeanor, and jailed until a cash bond was posted the following day. Mr. Cruz retained an attorney, and upon a jury trial he was found not guilty.

Upon the trial of this case, as well as in the criminal case, Mr. Cruz was able to present in evidence a cash register tape from the Gibson store, apparently for purchases in October, 1974, which by code number and price reflected a purchase of a hat with the same code and price as the hat he wore out of the store in November, 1974. Mr. Cruz testified that the tape reflected the sale of the hat which had been purchased just a month before his arrest.

The jury obviously believed this testimony and found (1) Gibson restrained Mr. Cruz of his physical liberty; (2) without his consent; and (3) without legal justification; (4) that Gibson set in motion the criminal

prosecution; (5) that such was instituted maliciously and without probable cause; (6) the prosecution resulted in an acquittal; (7) $5,000.00 in actual damages; (8) that in restraining Mr. Cruz, Gibson's employees acted wilfully, intentionally and without regard to his rights; and (9) $5,000.00 in exemplary damages.

The Appellant presents four "no evidence" points of error, the first two attacking the two findings of damage, and the last two attacking the jury's answers to Special Issues Nos. 2, 3, 5, and 8. In considering these "no evidence" points, we must view the evidence in its most favorable light in support of the jury findings, considering only the evidence and inferences which support those findings, and rejecting the evidence and inferences contrary to those findings. *Miller v. Riata Cadillac Company,* 517 S.W.2d 773 (Tex.1974); *Garza v. Alviar,* 395 S.W.2d 821 (Tex.1965).

■ With regard to the actual damages, the proof established that Mr. Cruz was jailed overnight, was required to post a cash bond of $102.50, and agreed to pay an attorney's fee of $1,000.00 plus the expenses for investigation of the charges and trial of the criminal case. The incident of his arrest was published in a daily newspaper sold in Andrews County where he lived and worked. In such a case, one is entitled to compensation "for his loss of time, for physical discomfort or inconvenience, and for any resulting physical illness or injury to his health. Since the injury is in large part a mental one, he is entitled to damages for his mental suffering, humiliation, and the like. The recoverable damages range further afield, and extend also to the interruption of the plaintiff's business, the harm to his reputation or credit, loss of the company of his family during imprisonment, and expenses, such as attorney's fees, to which he has been put by reason of a false arrest." Prosser, Law of Torts, 4th Ed. pp. 43–44 (1971).

In *Reicheneder v. Skaggs Drug Center,* 421 F.2d 307 (5th Cir. 1970), the Court, in a similar case, affirmed a verdict twice as large for the same offenses and noted that elements of damage include mental suffering, humiliation, shame and fright which cannot be measured by a definite standard, but must be left to the sound discretion of the jury.

■ Exemplary damages must be reasonably apportioned to the actual damages sustained. *Fort Worth Elevators Co. v. Russell,* 123 Tex. 128, 70 S.W.2d 397 (1934). In this case, the two are identical. The award is not so large as to indicate that it is the result of passion, prejudice, or corruption, or that the evidence has been disregarded, and should not be set aside. *Skillern & Sons, Inc. v. Stewart,* 379 S.W.2d 687 (Tex.Civ.App.—Fort Worth 1964, writ ref'd n. r. e.). The first two points of error are overruled.

■ As to the attack on the findings 2, 3, 5, and 8, we conclude that there is some evidence to support the jury's answers. Throughout the questioning, Mr. Cruz, his mother and his sister all said that the hat was not stolen but had been purchased earlier at the same store. Mr. Cruz said that the hat was soiled at the time he was stopped by the security personnel, thus indicating it had not been picked up off the shelf that day. He said he had the hat on when he entered the store, and he never took it off while in the store. Although there was evidence to the contrary, we may not consider it since Appellant presents only "no evidence" points. We conclude that there was some evidence of a restraint without consent or legal justification, and Appellee does concede a false imprisonment commenced when the police officers took Mr. Cruz into custody at the direction of Gibson's security agents. There was no warrant for his arrest, and Article 14.01, Tex.Code Crim.Proc.Ann., did not authorize an arrest without a warrant. The jury apparently concluded that there was no basis to reasonably believe the hat was stolen and thus found the restraint was without legal justification, even though they were instructed as to the privilege to investigate ownership of the property under Article 1d, Tex.Rev.Civ.Stat.Ann.

■ While the evidence to support the finding of malice and wilful, intentional conduct without regard to the rights of Mr.

Cruz may be weak, we conclude that there is some evidence to support the findings. Police were called even though three people all said the hat had been purchased at an earlier date. The hat itself apparently reflected some wear over the period of the preceding month. Upon trial of the case, one of the security agents said she thought Mr. Cruz stole the hat, even after seeing the tape which indicated the earlier sale. We conclude that this is some evidence of malice and that the employees did act without regard to the rights of Mr. Cruz. The employees of Gibson never acknowledged that they might have made an honest mistake or that they should have investigated further before filing theft charges on merchandise valued below $5.00. Instead, they steadfastly refused to believe Mr. Cruz, his mother and his sister, and at least one of the employees was unwilling to accept the jury finding as to his innocence even when confronted with the evidence of a prior sale of the hat. The last two points are overruled. There being no points of error with regard to the legal sufficiency of the special issues as submitted, we do not pass on such issues in this case.

The judgment of the trial Court is affirmed.