**The KROGER COMPANY, Appellant,**

v.

**Lula DEMAKES, Appellee.**

**No. 17046.**

Court of Civil Appeals of Texas,
Houston (1st Dist.).

April 18, 1978.

Rehearing Denied June 1, 1978.

Wyckoff, Russell, Dunn & Frazier, Houston, Strasburger & Price, Royal H. Brin, Jr., Dallas, for appellant.

Law Offices of Burks & Brush, Kirk L. Brush, Raymond S. Rutherford, Houston, for appellee.

COLEMAN, Chief Justice.

This is a false imprisonment case. The defendant appeals from a judgment entered for the plaintiff based on a jury verdict.

While at a check-out counter at Kroger's Grocery Store, Mrs. Lula Demakes picked up a package of cigarettes from a rack in front of the checker's stand. She held the cigarettes in her hand while writing a check to pay for her groceries. A security guard standing at the end of the counter saw her take the cigarettes and concluded that she had not paid for them. When she left the store with the cigarettes the security guard stopped her and requested that she accompany him back inside the store. He then took her to an office on the lower level of the building where she was detained for questioning. The police were called and she was charged with shoplifting. She was arrested and booked into jail.

The trial court determined that the elements of a cause of action for a false imprisonment were established as a matter of law and submitted to the jury issues on damages and issues presenting certain defenses raised by the pleadings. The trial court entered a judgment in favor of the plaintiff in the sum of $50,000.00 actual damages and $50,000.00 exemplary damages. After hearing the motion for new trial the court ordered a remittitur in the sum of $25,000.00 from the exemplary damage award. The plaintiff filed the required remittitur.

In its first point of error the defendant asserts that the trial court erred in entering a judgment for the plaintiff because no issues were submitted to the jury to establish a basis for recovery.

Certain formal admissions of fact were introduced into evidence. The defendant admitted that Mrs. Demakes was detained

at its store while an investigation was being made; that the employee detaining Mrs. Demakes was employed for the purpose of store security by the defendant; that Mrs. Demakes was turned over to the police by Kroger personnel; that the manager or person in charge of the store at the time in question knew that Mrs. Demakes was being detained and turned Mrs. Demakes over to the police; and that the manager or person in charge of the store at that time approved the detaining of Mrs. Demakes and the act of turning her over to the police.

The plaintiff has failed to establish as a matter of law that she was detained without authority of law. In answer to Special Issue No. 1, the jury failed to find that the defendant's agents, servants or employees had reasonable grounds to believe that Lula Demakes had wrongfully taken or had wrongful possession of merchandise belonging to the defendant. The answer to this issue does not establish that the Kroger employees did not have reasonable grounds to believe she had wrongfully taken merchandise. By this answer the jury merely found that the defendants had failed to establish by a preponderance of the evidence the facts inquired about.

■ The plaintiff's testimony would have supported a finding that Kroger's employees lacked reasonable grounds to believe that Mrs. Demakes had wrongfully taken merchandise from the store. However, her testimony is that of an interested witness and is not so clear, direct, positive and free from inaccuracies and circumstances tending to cast suspicion thereon that it must be accepted. *Cochran v. Wool Growers Central Storage Company,* 140 Tex. 184, 166 S.W.2d 904 (1942).

■ False imprisonment in Texas is the direct restraint by one person of the physical liberty of another without adequate legal justification. *J.C. Penney Co. v. Duran,* 479 S.W.2d 374 (Tex.Civ.App.-San Antonio 1972, writ ref'd n.r.e.); *Kroger Company v. Warren,* 420 S.W.2d 218 (Tex.Civ.App.-Houston [1st Dist.] 1967, no writ).

Article 1436e § 3 Vernon's Annotated Penal Code, as it existed at the time of the incident in question, provided that any merchant, his agent or employee, who has reasonable ground to believe that a person has wrongfully taken or has wrongful possession of merchandise, may detain such person in a reasonable manner and for a reasonable length of time for the purpose of investigating the ownership of such merchandise. It provides that such reasonable detention shall not constitute an arrest nor shall it render the merchant liable to the person detained. This article also provides that any person has the right to prevent the consequences of shoplifting by seizing any goods which has been taken under the circumstances constituting shoplifting, and to deliver the goods taken with the "supposed offender" to a peace officer for examination. Such a person, however, must have reasonable grounds to suppose the crime of shoplifting to have been committed.

■ An essential element of the cause of action for false imprisonment has not been established by the plaintiff. However, the defendant did not preserve his point of error by including it in his motion for new trial. In addition to a motion for a new trial, the defendant filed a motion to set aside the jury's verdict, a motion to disregard the jury's findings and a motion for judgment n.o.v. In none of these motions did the defendant present to the trial court its contention that the plaintiff failed to establish a cause of action on which a judgment in her favor could be rendered. There is nothing in the record to indicate that this contention was otherwise presented to or ruled on by the trial court. Under the rules of civil procedure which were in effect at the time this case was tried and the appeal perfected in this court, a ground of error not distinctly set forth in the motion for new trial, in cases where motion for new trial is required, shall be considered as waived. Tex.R.Civ.P. 374. *Wagner v. Foster,* 161 Tex. 333, 341 S.W.2d 887 (1960); *Scroggins v. Roper,* 548 S.W.2d 779 (Tex. Civ.App.-Tyler 1977, writ ref'd n.r.e.).

Rule 374 was repealed and Rule 324 was amended by order of the Supreme Court effective January 1, 1978. As amended, Rule 324 provides:

"A motion for new trial shall not be a prerequisite to the right to complain on appeal, in any jury or non-jury case. A motion for new trial may be filed by any party, however, and the omission of a point in such motion shall not preclude the right to make the complaint on appeal. Notwithstanding the foregoing, it shall be necessary to file a motion for new trial in order to present a complaint which has not been otherwise ruled upon."

Appellant's first point of error was not preserved for appellate review under Rules 324 and 374 at the time appeal was perfected. The point can not be considered even if Rule 324 as amended is applicable to this appeal. This point is overruled.

■ The appellant asserts that the trial court erred in entering judgment for the plaintiff because the record establishes as a matter of law the affirmative defense set forth in Section 3, Article 1436e, Texas Penal Code Ann. This was the matter presented to the jury in Special Issues 1 and 2. The jury's answer to Special Issue No. 1 did not support Kroger's defense. Special Issue No. 2 was predicated on an affirmative answer to Special Issue No. 1 and was not answered by the jury.

Mrs. Demakes testified that when she reached the check-out counter she took the package of cigarettes from the rack in full view of the check-out clerk and merely held it in her hand while the clerk was checking out the articles which she had purchased. She testified that the check-out clerk saw her take the cigarettes. She testified to the effect that she made no attempt to conceal the cigarettes and supposed that she had paid for them. She also testified that she returned to the store willingly and offered to pay for the cigarettes. This testimony raises the issue of fact submitted to the jury in Special Issue No. 1.

Appellant has not asserted that the trial court erred in predicating Special Issue No.

2 on an affirmative answer to Special Issue No. 1. The evidence raises an issue of fact as to whether Mrs. Demakes was detained in a reasonable manner and for a reasonable length of time "for the purpose of investigating the ownership of such merchandise."

Appellant's affirmative defense under Article 1436e was not established as a matter of law and the state of the evidence is such that we cannot say the jury's answer to Special Issue No. 1 was so contrary to the great weight and preponderance of the evidence as to be clearly wrong.

■ The trial court did not err in submitting Special Issue No. 3 which asks whether the plaintiff, Lula Demakes, signed a written statement relieving the defendant, Kroger Grocery Stores, from all liability for claims and damages rising out of the occasion in question. Mrs. Demakes admitted that the signature on a printed form was in her handwriting. She testified that the blanks in said instruments were not filled in at the time she signed it. She testified that the instrument was not read to her and that she could not read it at the time she signed it because the security guard had taken her purse containing her glasses. The instrument was offered into evidence for the purpose of showing Mrs. Demakes' signature "and not for the truth of the contents herein". The court ruled that it would be received for the limited purpose "of showing it has the signature of the plaintiff". There are also on the face of the instrument, statements and comments which apparently constituted a report to management made by the security guard. The action of the trial court in submitting Issues 3 and 4 does not constitute reversible error. The evidence does not establish as a matter of law that Mrs. Demakes knowingly signed the written release of her claim for damages by reason of false imprisonment.

■ The appellant asserts that the trial court erred in refusing to submit the defense of oral release. Appellant's answer included a plea of release. A special issue

presenting this defense was submitted to the court and refused by him.

Mrs. Demakes was employed at the Lighthouse for the Blind, as secretary to its chief executive. This person called an attorney who was on the executive board of the organization and requested that he assist Mrs. Demakes in connection with the charge of shoplifting which was scheduled for trial within a few days. When he discovered that the Kroger Grocery Stores was involved he explained that his firm represented Kroger and that he would discuss the matter with the attorney handling that account. This attorney then called Mrs. Demakes and told her that he represented Kroger's and before he could even talk to her about it, "much less undertake to do anything in her behalf or help her in any way", he would have to have her assurance that the Kroger Company would be completely released from any responsibility "from her view in a civil context". He stated that he told her before he "could even go on and discuss the matter with her, she had to clear the debt for me in view of my representation of the company, tell me that the Kroger Company in her view was not involved in her area of interest at all; and that she was not interested in any money from the Kroger Company". He stated that she "gave me all of these assurances." He also stated that she emphasized that the only thing that was of concern to her was having an arrest record at the police station and that "she just had that on her record, and if she could get out of the criminal aspect of it, that is the only thing that concerned her; that she had no intention of suing the Kroger Company for money."

The lawyer then testified that he talked to attorneys in the District Attorney's office and told them that Kroger had no desire to follow-up on the charges and that as far as Kroger was concerned they could dismiss the charges. He also testified that an agreement was reached between him and the District Attorney's office that the charges would be dismissed and that they were dismissed. Later he prepared a proposed release for Mrs. Demakes to sign but it was never executed.

Mrs. Demakes testified that she talked to an attorney for Kroger on Friday before the case was to be called on Monday. She stated that he called her and told her that they were going to dismiss the case but they wanted a release from her. She stated that she told them that it was now too late because she had an attorney and that he would have to call her attorney. She testified that she did not reach agreement with Kroger to release them at any time.

A release executed in consideration of an agreement to seek the dismissal of a pending prosecution is contrary to public policy and unenforceable. *Prim v. Farmers' National Bank of Dublin,* 44 S.W.2d 943 (Tex. Com.App.1932, holding approved); *Duncan v. Piper,* 79 S.W.2d 172 (Tex.Civ.App.-Dallas 1935, no writ); *Goodyear Tire & Rubber Company v. Sanford,* 540 S.W.2d 478 (Tex. Civ.App.-Houston [14th Dist.] 1976, no writ). The trial court did not err in refusing to submit issues on an oral release to the jury.

The appellant also asserts that the trial court erred in refusing a trial amendment setting up the defense of promissory estoppel. Appellant properly requested issues submitting this defense.

An estoppel is defensive in character. Its function is to preserve rights and not to bring into being a cause of action. *Southland Life Ins. Co. v. Vela,* 147 Tex. 478, 217 S.W.2d 660 (1949). Before Mrs. Demakes' promise to release Kroger from any cause of action which she might have for damages can be enforced in equity, the evidence must show that in reliance on the promise Kroger took action "of a definite and substantial character" and that injustice can be avoided only by enforcement of the promise. *"Moore" Burger, Inc. v. Phillips Petroleum Company,* 492 S.W.2d 934 (Tex.1972). Mrs. Demakes should have anticipated that in reliance on her promise Krogers' attorney would attempt to secure the dismissal of the shoplifting charge pending against her. The attorney was

able to and did secure the dismissal of the charge. While this action resulted in a benefit to Mrs. Demakes it was not action of such a substantial character as to result in injustice if the promise should not be enforced. An oral agreement which cannot be enforced because it violates the public policy of this state will not be enforced in equity on the theory of promissory estoppel. The trial court did not err either in refusing to permit the trial amendment or in refusing to submit the requested issues.

The appellant has presented a point asserting that the amount of actual damages awarded by the jury is excessive and not supported by sufficient evidence of probative force. Particularly questioned is the action of the trial court in submitting to the jury the elements of loss of reputation, loss of earning capacity, value of time lost during detention, and loss of wages in the past. It is not appellant's position that the matters submitted are not proper elements of damage, rather it contends that there is not sufficient evidence to permit these elements to be submitted to the jury.

Mrs. Demakes was taken by the security guard through the crowded store to the manager's office, and she was escorted out of the store by the police in view of the shoppers present. In order to get out of jail she felt it necessary to call a former employer and inform him of the charges brought against her. The charges were made known to a number of Kroger employees. The charges filed are a matter of public record. She was required to appear in court and a public announcement was made that the Demakes case was dismissed. Many people were present in the courtroom including at least one acquaintance. The evidence was sufficient to require submission of loss of reputation as an element of damage.

There is evidence that Mrs. Demakes lost wages during the period of time prior to the trial of the case. Mrs. Demakes testified that she was fired from her position with the Lighthouse for the Blind and that she was unable to secure another position for about three weeks. The jury might have believed that the loss of this job resulted from a personality change caused by the incident in question.

Mrs. Demakes testified that she was detained for a period of several hours on Sunday. She was entitled to recover the value of this time. *Hays v. Creary*, 60 Tex. 445 (1883); *Reicheneder v. Skaggs Drug Center*, 421 F.2d 307 (5th Circuit 1970).

There is evidence that Mrs. Demakes suffered a personality change immediately after this incident. She had previously been an outgoing gregarious person but after the incident she became depressed and withdrawn. This condition continued up to the time of the trial although she testified she felt she was improving. She had changed jobs several times during the period prior to the trial. She was an experienced executive secretary and was able to obtain work at the same or a higher salary. She lost time from work because of emotional and physical illness, but because she was on straight salary she did not lose any wages. The jury was entitled to conclude that her depressed mental condition resulted in some loss of earning capacity. *Mikell v. La Beth*, 344 S.W.2d 702 (Tex.Civ.App.-Houston 1961, writ ref'd n.r.e.); *City of Houston v. Holden*, 336 S.W.2d 193 (Tex. Civ.App.-Eastland 1960, writ ref'd n.r.e.). The trial court did not err in submitting these elements of damage to the jury.

There is considerable evidence concerning the mental anguish and humiliation suffered by Mrs. Demakes. All of these elements of damage were considered by the jury and it returned a lump sum verdict in the sum of $50,000.00. We do not consider the verdict excessive.

The jury also found that the Kroger Grocery Stores acted "recklessly or willfully and maliciously, with design to oppress and injure the plaintiff, Lula Demakes." There is evidence to support this finding. The grocery manager in charge of the store at the time in company with the manager of the produce department followed the security guard and Mrs. Demakes

to the office of the manager of the store. It is admitted that the manager turned Mrs. Demakes over to the police. The manager of the produce department testified that he remained in the room where Mrs. Demakes was detained until the police arrived. There was testimony that Mrs. Demakes was detained for a period of several hours. She testified that she was tricked into signing a confession of shoplifting and that she was given nothing to eat or drink during the period of her confinement at the store. She testified that in answer to her question the boy at the check-out counter stated that he saw the cigarettes in her hand. When she asked him why he did not ring up the cigarettes, the security guard broke in and told her that it was not his business. There is testimony that it was the duty of the check-out counter man to inquire of a customer holding an article in her hand whether she wanted to pay for it. Mrs. Demakes testified that before she was arrested the security guard spoke to the police in a low tone of voice and showed them the purported confession. From the admission that she was turned over to the police by the manager the jury could infer that the manager was present at this time. She was then taken by the police to the jail where she was stripped, searched, finger printed and placed in a cell with women who admitted that they were charged with prostitution. The evidence fully supports the finding of the jury.

The plaintiff sought the sum of $25,000.00 as exemplary damages for the false imprisonment. The jury awarded the sum of $50,000.00 and the trial court required a remittitur in the sum of $25,000.00. The trial court recited in the order requiring a remittitur that the amount of exemplary damages awarded by the jury were excessive in the sum of $25,000.00. We do not find that this action constituted an abuse of the trial court's discretion.

The jury was instructed that exemplary damages means damages which the jury in its discretion may allow in addition to the actual damages by way of punishment and as an example for the good of the public, and that the jury could also award compensation for inconvenience, reasonable attorney's fees and other losses too remote to be considered actual damages. No complaint was made of this instruction. The jury was advised that the plaintiff's attorneys would receive a fee of one third of the damages allowed. Under the circumstances of this case the amount of exemplary damages permitted by the trial court is not excessive.

The judgment is affirmed.