**Concepcion G. CASTILLO, Appellant,**

v.

**SEARS, ROEBUCK AND COMPANY, d/b/a Sears, El Paso, Appellee.**

**No. 08-83-00184-CV.**

Court of Appeals of Texas,
El Paso.

Dec. 12, 1984.

Rehearing Denied Jan. 9, 1985.

Raymond C. Caballero, Barbara Masse, El Paso, for appellant.

H. Keith Myers, Grambling, Mounce, Sims, Galatzan & Harris, El Paso, for appellee.

Before STEPHEN F. PRESLAR, C.J., and WARD and OSBORN, JJ.

## OPINION

STEPHEN F. PRESLAR, Chief Justice.

Appellant Concepcion G. Castillo brought suit against Appellee Sears, Roebuck and Company seeking damages for defamation, negligence and false imprisonment. The trial court denied Appellee's motion for instructed verdict and the case was submitted to the jury on requested special issues for false imprisonment. This is an appeal from a jury verdict that Appellant take nothing by her suit. We reverse and remand.

In September, 1977, Appellant visited the Sears store in El Paso, Texas, in order to make a final payment on a lay-away purchase. After making her payment, she was handed a large box which contained several dresses she had previously purchased. As Appellant was leaving the store, a loud bell or alarm sounded. A sales clerk immediately approached Appellant and removed the box from her arms. Appellant followed the sales clerk to the register counter whereupon the box was examined for inventory control tags. The clerk found and removed a tag from one of the dresses, repackaged the garment, and returned the box to the Appellant. Appellant then left the store with her package.

Appellant filed suit against Sears seeking damages for defamation, negligence and false imprisonment. She testified that she felt she had been accused of theft and that she had been forced to follow Appellee's employee back into the store. She further testified that she had been embarrassed and humiliated by the incident and had suffered from lack of sleep and a nervous rash.

At the close of Appellant's case-in-chief, Appellee moved for an instructed verdict on each of Appellant's claims. Contrary to Appellant's contention, it is clear that there was no instructed verdict as to her slander and negligence claims. Appellant argues in her first two points of error that the trial court granted a partial instructed verdict as to the causes of action for slander and negligence. However, the record explicitly reflects that the court overruled the Appellee's motion for instructed verdict:

> THE COURT: Well, as I see the proof put on by the Plaintiff, there is, of course, no question that there is no slander proven by your client at all. Although the evidence may not be as substantial as some people may ideally like to have, the Court is going to overrule you insofar as the Motion in toto is concerned. This case is going to go, as I see it, to the Jury on the issue of false arrest and imprisonment and any damages that may have been proven. Okay, therefore, the Motion at this time is overruled.

■ Following the overruling of the motion for instructed verdict, Appellee presented its case. Appellant cross-examined all of Appellee's witnesses without any restriction on her opportunity to develop her causes of action for slander and negligence. At the close of the Appellee's evidence, it was incumbent upon both parties to request and submit instructions and special issues relative to their respective theories of recovery and defense. Appellant's failure to submit special issues for defamation, slander and negligence at the close of the evidence waives her right to appeal the exclusion of these issues. Rule 279, Tex.R.Civ.P.; *University of Texas*

*System v. Schieffer,* 588 S.W.2d 602 (Tex. Civ.App.—Austin 1979, writ ref'd n.r.e.). See also: *Clarostat Mfg. Inc. v. Alcor Aviation, Inc.,* 544 S.W.2d 788, 792–94 (Tex. Civ.App.—San Antonio 1976, writ ref'd n.r. e.); *Sun Pipe Line Co. Inc. v. Kirkpatrick,* 514 S.W.2d 789 (Tex.Civ.App.—Beaumont 1974, writ ref'd n.r.e.).

Appellant contends in Point of Error No. Three that the court erred in improperly placing the burden on Appellant to negate a statutory privilege, rather than upon Appellee to establish the privilege as an affirmative defense. The jury was asked: "[f]rom a preponderance of the evidence, do you find that the Plaintiff was falsely imprisoned by the Defendant?" And the court instructed the jury as follows:

> You are instructed that the term "false imprisonment" as used in this charge means the wilful detention by another without justification, against her consent, whether such detention be effected by violence, by threats or any other means, which restrains a person from moving from one place to another.

> Further, you are instructed that under the law of this State a person reasonably believing another has stolen or is attempting to steal property is privileged to detain the person in a reasonable manner and for a reasonable period of time for the purpose of investigating ownership of the property.

Appellant objected to this instruction at trial on the basis that this last paragraph misplaced the burden of proof.

■ In order to establish false imprisonment, Appellant must show that her physical liberty was directly restrained by another, without adequate legal justification. *Kroger Company v. Demakes,* 566 S.W.2d 653 (Tex.Civ.App.—Houston [1st Dist.] 1978, writ ref'd n.r.e.); *J.C. Penney Co. v. Duran,* 479 S.W.2d 374 (Tex.Civ. App.—San Antonio 1972, writ ref'd n.r.e.); The portion of the charge objected to is taken from Article 1d, Tex.Rev.Civ.Stat. Ann. (Vernon Supp.1984), which provides:

Art. 1d. Privilege to investigate theft.

A person reasonably believing another has stolen or is attempting to steal property is privileged to detain the person in a reasonable manner and for a reasonable period of time for the purpose of investigating ownership of the property.

We view this as an affirmative defense and hold that the court erred in causing the plaintiff and not the defendant to prove the elements of the statute by a preponderance of the evidence. Article 1d was enacted in 1973 and prior to that the almost identical language was contained in Article 1436e, Vernons Annotated Penal Code (repealed 1973). In *Kroger v. Demakes,* supra, that article was treated as an affirmative defense and submitted as an issue with the jury finding that the defendant failed to establish it by a preponderance of the evidence. In *Adcox v. Safeway Stores, Inc.,* 512 F.Supp. 452 (N.D.Tex. [Dallas Div.] 1980), it was held that Article 1d as a justification for a merchant's actions may be raised as a defense to a claim of false imprisonment. In the case at bar, Appellee pled Article 1d as an affirmative defense. It defends its submission as an instruction on the basis that as an issue it would be an inferential rebuttal issue to the issue inquiring if plaintiff was falsely imprisoned by the defendant. "An inferential rebuttal issue, ... is one which seeks to disprove the existence of an essential element submitted in another issue." *Writz v. Orr,* 533 S.W.2d 468, 472 (Tex.Civ.App.—Eastland 1976, writ ref'd n.r.e.). As seen from the court's definition of false imprisonment, there is the element of lack of legal justification; but invocation of Article 1d does not "seek to disprove" that. When the article is invoked there is no longer an issue of false imprisonment for reliance on it is an admission that false imprisonment occurred, but says that it is excused in law because of the statute—it is in the nature of confession and avoidance and it is a privilege in fact and by its own wording. In *Denton Publishing Company v. Boyd,* 460 S.W.2d 881, 884 (Tex.1970), the Supreme Court said:

Privilege is an affirmative defense in the nature of confession and avoidance; and, except where the plaintiff's petition shows on its face that the alleged libelous publication is protected by a privilege, the defendant has the burden of proving that the publication is privileged.

The statutory privileges of the law of libel and slander are analogous to the statutory privilege of Article 1d. There, as here, we are dealing with the assertion of a privilege to engage in conduct which, but for the privilege, would render the actor liable. We see no distinction between a statutory privilege which avoids liability for false imprisonment and those which avoid liability for the publication of libelous statements.

In the *Adcox v. Safeway* case, the court cited this Court's opinion in *Gibson Discount Center, Inc. v. Cruz,* 562 S.W.2d 511 (Tex.Civ.App.—El Paso 1978, writ ref'd n.r. e.). Our decision in that case did not turn on the propriety of Article 1d as an instruction or an issue. It was used in the court's charge as an instruction but such use was not questioned and we simply passed on the sufficiency of the evidence upholding false imprisonment even though the jury was instructed as to the privilege.

Appellant's Point of Error No. Three is sustained. All other points of error have been considered and all are overruled.

The judgment is reversed and the cause remanded for another trial.