**SEARS, ROEBUCK & COMPANY d/b/a Sears, El Paso, Petitioner,**

v.

**Concepcion G. CASTILLO, Respondent.**

**No. C–3888.**

Supreme Court of Texas.

July 17, 1985.

Grambling and Mounce, H. Keith Myers, El Paso, for petitioner.

Caballero and Panetta, Barbara Masse and Raymond C. Caballero, El Paso, for respondent.

PER CURIAM.

Concepcion G. Castillo brought suit against Sears, Roebuck & Company for slander, negligence, and false imprisonment. The suit was premised on a security incident occurring within the Sears store. Mrs. Castillo visited the Sears store to pick up several items which she had previously placed in the lay-away department. The merchandise was properly purchased, and a receipt given to Mrs. Castillo. As Mrs. Castillo was leaving the Sears store, a loud alarm bell sounded and her package was taken from her. Upon examination of the merchandise carried by Mrs. Castillo, a security device was located and removed. Mrs. Castillo testified that she was not restrained and stated that the store employee said "not a word" to her, and made no accusations. The trial court submitted the case to the jury on a false imprisonment theory.

The pertinent parts of the jury charge are as follows:

Special Issue No. 1:

From a preponderance of the evidence, do you find that the plaintiff was falsely imprisoned by the defendant?

Answer "She was" or "She was not."

We answer: She was not.

The remainder of the six special issues were conditioned on an affirmative finding; therefore, they were not answered. In addition, the trial court submitted the following instructions:

You are instructed that the term "false imprisonment" as used in this charge means the willful detention by another without legal justification, against her consent, whether such detention be effected by violence, by threats or by other means, which restrains a person from moving from one place to another.

Further you are instructed that under the law of this state a person reasonably believing another has stolen or is attempting to steal property is privileged to detain the person in a reasonable manner and for a reasonable period of time for the purpose of investigating ownership of the property.

The trial court instructed the jury as to the statutory privilege to make a reasonable detention in order to investigate a possible theft. TEX.REV.CIV.STAT.ANN. art. 1d (Vernon 1984). The court of appeals reversed the judgment of the trial court and held that the privilege to detain must be submitted to the jury as a special issue. 682 S.W.2d 432 (Tex.App.1984). We reverse the judgment of the court of appeals.

■ The essential elements of a cause of action for false imprisonment are: (1) willful detention; (2) without consent; and (3) without authority of law. *James v. Brown*, 637 S.W.2d 914 (Tex.1982); *Cronen v. Nix*, 611 S.W.2d 651, 653 (Tex.Civ. App.—Houston [1st Dist.] 1980, writ ref'd n.r.e.); *Moore's, Inc. v. Garcia*, 604 S.W.2d

261, 263–64 (Tex.Civ.App.—Corpus Christi 1980, writ ref'd n.r.e.). Article 1d provides:

A person reasonably believing another has stolen or is attempting to steal property is privileged to detain the person in a reasonable manner and for a reasonable period of time for the purpose of investigating ownership of the property.

TEX.REV.CIV.STAT.ANN. art. 1d (Vernon 1984). The plaintiff must prove the absence of authority in order to establish the third element of a false imprisonment cause of action.

■ The trial court in *Kroger v. Demakes*, 566 S.W.2d 653 (Tex.Civ.App.—Houston [1st Dist.] 1978, writ ref'd n.r.e.), submitted the question of authority in a false imprisonment case as an issue. Conversely, the trial court in *Gibson Discount Center, Inc. v. Cruz*, 562 S.W.2d 511 (Tex. Civ.App.—El Paso 1978, writ ref'd n.r.e.), instructed the jury regarding the existence of the privilege. Under Rule 277, "it shall be discretionary with the court whether to submit separate questions with respect to each element of a case or to submit issues broadly." TEX.R.CIV.P. 277 (Vernon 1984). The trial court in this case submitted the false imprisonment claim broadly, with appropriate instructions. The charge correctly stated the law with respect to the elements of the plaintiff's cause of action, and the statutory privilege contained in article 1d. Therefore, we hold that the trial court did not abuse its discretion in submitting the article 1d privilege as an instruction pursuant to Rule 277.

Pursuant to TEX.R.CIV.P. 483, we grant the writ of error and, without hearing oral argument, reverse the judgment of the court of appeals and render judgment for Sears, Roebuck & Company.