OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS


January 28, 2002

The Honorable John F. Healy, Jr.
Fort Bend County District Attorney
309 South Fourth Street, Suite 258
Richmond, Texas 77469

Opinion No. JC-0454

Re: Authority of a justice of the peace to sentence a juvenile to detention for contempt, and related questions (RQ-0408-JC)

Dear Mr. Healy:

You ask a series of questions regarding the proper construction of several provisions of the Juvenile Justice Code, title 3 of the Family Code, regarding the authority of a justice court to detain a child for contempt. Specifically, you ask:

> 1. May a Justice Court order a juvenile held for a *term* of detention for the offense of contempt?
>
> 2. What are the liabilities for the county for detaining juveniles ordered to serve a term of detention for contempt by a Justice Court?
>
> 3. If a juvenile is referred to detention for the offense of contempt, is the juvenile's detention hearing to be conducted as that for a child who has engaged in delinquent conduct, as a status offender or as a non-offender?
>
> 4. Can the county, through the Juvenile Board and the Juvenile Probation Department, maintain a non-secure facility to house juveniles pursuant to a contempt finding by a Justice of the Peace and if so what type of facility would be proper?[1]

We conclude, first, that a justice court may not order a child to be confined for a term of detention for contempt for a violation of a justice court order. Second, if suit is brought as a result of a justice of the peace ordering confinement of a child for contempt, the county could invoke immunity with respect to state claims, but, depending on the facts, could be subject to suit under federal claims brought under 42 U.S.C. § 1983. Third, a hearing for a child referred to juvenile court for contempt must be conducted as that for a child who has engaged in delinquent conduct. And fourth, based on

---

[1] Letter from Honorable John F. Healey, Jr., District Attorney, Fort Bend County, to Honorable John Cornyn, Texas Attorney General at 3 (July 25, 2001) (on file with Opinion Committee) [hereinafter Request Letter].

our understanding of your last question, we conclude that neither status offenders nor nonoffenders may be detained in nonsecure detention facilities.

Justice courts are expressly authorized by statute to impose a term of confinement, a fine, or both, on adults determined to be in contempt of a justice court order. *See* TEX. GOV'T CODE ANN. § 21.002(c) (Vernon Supp. 2002). Your questions, however, relate to the authority of a justice court to detain a juvenile for contempt.

You inform us that, when the justice court finds that a juvenile is in contempt of a justice court order, "at least one" justice of a justice court in your county sends the juvenile to the county detention facility under orders finding the juvenile in contempt of court and assessing a term of confinement of three days in the juvenile detention facility. Request Letter, *supra* note 1, at 2. You express concern regarding whether such a practice is authorized by state law. Thus, you first ask: "May a Justice Court order a juvenile held for a term of detention for the offense of contempt?" We answer your first question in the negative.

The relevant statutory provisions, previously set forth in the Family Code and now set forth in the Code of Criminal Procedure, specify the options from which justices of the peace may choose in imposing contempt on a child for violation of a justice court order. Such options do not include confinement for a period of three days in the county juvenile detention center. Moreover, the relevant provisions expressly declare that a justice court may not order a child to a term of confinement or imprisonment for contempt. We note that the 77th Legislature enacted two bills that significantly affected the relevant Family Code sections that governed this issue prior to September 1, 2001, as well as amending, repealing, or adding various other juvenile justice provisions. Because you ask about possible tort liability and do not limit expressly your questions to events that occurred after September 1, 2001, we address the statutory provisions that are relevant both prior to and after September 1, 2001.

Prior to its amendment by one bill and repeal by another later-enacted bill during the 77th Legislative session, section 52.027 of the Family Code set forth the procedures governing children taken into custody and brought before justice or municipal courts for offenses over which those courts have jurisdiction, specifically traffic offenses, other fineable-only offenses, and offenses involving the child as a status offender. With respect to a justice court holding a child in contempt, section 52.027 provided in pertinent part that:

> (h) If a child intentionally or knowingly fails to obey a lawful order of disposition after an adjudication of guilt of an offense that a justice or municipal court has jurisdiction of under Article 4.11 or 4.14, Code of Criminal Procedure, the municipal court or justice court may:

>> (1) except as provided by Subsection (j), hold the child in contempt of the municipal court or justice court order and order the child to pay a fine not to exceed $500; or

(2) refer the child to the appropriate juvenile court for delinquent conduct for contempt of the municipal court or justice court order.

. . . .

(j) A municipal or justice court may not order a child to a term of confinement or imprisonment for contempt of a municipal or justice court order under Subsection (h).

*See* Act of May 27, 1995, 74th Leg., R.S., ch. 262, § 17, 1995 Tex. Gen. Laws 2517, 2524-26, *repealed by* Act of May 27, 2001, 77th Leg., R.S., ch. 1514, § 19(b), 2001 Tex. Sess. Law Serv. 5092, 5105. Thus, prior to September 1, 2001, under section 52.027 of the Family Code, a justice court had discretion in holding a child in contempt to either one of two options – either holding the child in contempt and imposing a fine not to exceed $500 or referring the child to a juvenile court. And, not only did the section *not* confer authority to order confinement in a county's juvenile detention center, the section expressly prohibited the imposition of a term of confinement for contempt.

As stated earlier, the 77th Legislature enacted two bills affecting section 52.027. House Bill 1118 amended the section in ways not relevant to this request and also repealed subsections (h) and (j) of the section. Act of May 24, 2001, 77th Leg., R.S., ch. 1297, §§ 14, 71, 2001 Tex. Sess. Law Serv. 2978, 2983, 3009. At the same time, the bill added section 54.023 to the Family Code, which effectively replaced the repealed subsections (h) and (j), and afforded a justice court both additional options and additional limitations when imposing contempt on a child. *Id.* § 21, at 2985. The new section 54.023 of the Family Code provides in pertinent part:

(a) If a child intentionally or knowingly fails to obey a lawful order of disposition after an adjudication of guilt of an offense that a justice or municipal court has jurisdiction of under Article 4.11 or 4.14, Code of Criminal Procedure, the justice or municipal court may:

(1) refer the child to the appropriate juvenile court for delinquent conduct for contempt of the justice or municipal court order; or

(2) retain jurisdiction of the case and:

(A) hold the child in contempt of the justice or municipal court order and impose a fine not to exceed $500;

(B) order the child to be held in a place of nonsecure custody designated under Section 52.027 for a single period not to exceed six hours; or

(C) order the Department of Public Safety to suspend the driver's license or permit of the child or, if the child does not have a license or permit, to deny the issuance of a license or permit to the child and, if the child has a continuing obligation under the court's order, require that the suspension or denial be effective until the child fully discharges the obligation.

. . . .

(c) A justice or municipal court may hold a person in contempt and impose a remedy authorized by Subsection (a)(2) if:

(1) the person as a child was placed under an order of the justice or municipal court;

(2) the person failed to obey the order while the person was 17 years of age or older; and

(3) the failure to obey occurred under circumstances that constitute contempt of court.

(d) A justice or municipal court may hold a person in contempt and impose a remedy authorized by Subsection (a)(2) if the person, while younger than 17 years of age, engaged in conduct in contempt of an order of the justice or municipal court but contempt proceedings could not be held before the child's 17th birthday.

(e) A justice or municipal court may not order a child to a term of confinement or imprisonment for contempt of a justice or municipal court order under this section.

TEX. FAM. CODE ANN. § 54.023 (Vernon Supp. 2002). Thus, new section 54.023, like its predecessor, section 52.027, permits justice courts options in imposing contempt *not* including confinement for a period of three days and, moreover, expressly prohibits such confinement.[2]

---

[2] Specifically, the new section permits a justice or municipal court to retain jurisdiction and to "order the child to be held in a place of nonsecure custody designated under section 52.027 for a single period not to exceed six hours." TEX. FAM. CODE ANN. § 54.023(a)(2)(B) (Vernon Supp. 2002). However, Senate Bill 1432, a subsequently passed and therefore controlling bill, repeals section 52.027 in its entirety. You do not ask and therefore we do not address

In addition to House Bill 1118, the 77th Legislature enacted Senate Bill 1432, which, *inter alia*, repealed in its entirety section 52.027 of the Family Code and amended article 45.050 of the Code of Criminal Procedure, to include language substantially similar to the relevant language set forth in the repealed section 52.027. *See* Act of May 27, 2001, 77th Leg., R.S., ch. 1514, §§ 8, 19, 2001 Tex. Sess. Law Serv. 5092, 5105. Article 45.050 of the Code of Criminal Procedure, as amended, now provides:

(a) In this Article, "child" has the meaning assigned by Article 45.045(h).

(b) A justice or municipal court may not order the confinement of a child for:

(1) the failure to pay all or any part of a fine or costs imposed for the conviction of an offense punishable by fine only; or

(2) contempt of another order of a justice or municipal court.

(c) If a child fails to obey an order of a justice or municipal court under circumstances that would constitute contempt of court, the justice or municipal court:

(1) has jurisdiction to refer the child to the appropriate juvenile court for delinquent conduct for contempt of the justice or municipal court order; or

(2) may retain jurisdiction of the case and:

(A) hold the child in contempt of the justice or municipal court order and impose a fine not to exceed $500; or

(B) order the Department of Public Safety to suspend the child's driver's license or permit or, if the child does not have a license or permit, to deny the issuance of a license or permit to the child until the child fully complies with the orders of the court.

(d) A court that orders suspension or denial of a driver's license or permit under Subsection (c)(2)(B) shall notify the Department of Public Safety on receiving proof that the child has fully complied with the orders of the court.

TEX. CODE CRIM. PROC. ANN. art. 45.050 (Vernon Supp. 2002). Thus, under the amendments to article 45.050 of the Code of Criminal Procedure and the newly added section 54.023 of the Family

---

whether the express repeal of section 52.027 effectively vitiates the new section 54.023(a)(2)(B).

Code, a justice court may not order confinement of a child for contempt of a justice court order for a period of three days in the county juvenile detention facility. Rather, a justice court is limited to referring the case to a juvenile court, holding the child in contempt and imposing a fine not to exceed $500, or ordering the Department of Public Safety to suspend the child's driver's license.

We note that, in the event that the legislature amends the same statute during the same session, the amendments will be harmonized, if possible. If the amendments are irreconcilable, the latest in date of enactment prevails, with the date of enactment being the date on which the last legislative vote is taken. TEX. GOV'T CODE ANN. § 311.025 (Vernon 1998). In this instance, we need not determine whether the provisions of House Bill 1118 and Senate Bill 1432 are in conflict and, if so, which prevails. None of the amendatory provisions in the two bills authorize a justice court to impose three-day confinement in the county juvenile detention facility for contempt for violating a justice court order, and both specifically prohibit such confinement. Moreover, section 53.02 of the Family Code specifies the reasons for which a child may be detained prior to a detention hearing and contempt is not one of them. TEX. FAM. CODE ANN. § 53.02 (Vernon Supp. 2002). Section 54.01 of the Family Code sets forth the reasons that a child may be detained at a detention hearing, and, again, contempt is not one of them. *Id.* § 54.01. In fact, only after a child has been adjudicated by a juvenile court as engaging in delinquent conduct for violating a court order and is held to be in contempt, may the child be confined if the court so orders at the later disposition hearing. *Id.* §§ 51.03(a)(2) (defining delinquent conduct to include "conduct that violates a lawful order of a municipal court or justice court under circumstances that would constitute contempt of that court"); 54.03 (adjudication hearing); 54.04 (disposition hearing).

That the legislature has adopted such a public policy is not surprising in light of the fact that the original jurisdiction of a justice court in criminal cases is limited, basically, to offenses punishable by a fine only or punishable by a fine and an additional sanction not consisting of confinement or imprisonment. TEX. CODE CRIM. PROC. ANN. art 4.11 (Vernon Supp. 2002). Therefore, we answer your first question in the negative. A justice court may not impose on a child confinement for three days for contempt for violating a justice court order.

You next ask: "What are the liabilities for the county for detaining juveniles ordered to serve a term of detention for contempt by a Justice Court?" Request Letter, *supra* note 1, at 3. We do not understand you to ask about any possible tort liability on the part of the justice of the peace, rather, we understand you to ask only about the possible tort liability of the county. *See generally Mireles v. Waco,* 502 U.S. 9, 11-12 (1991) (under 42 U.S.C. § 1983, doctrine of judicial immunity is not overcome by allegations of bad faith or malice; it is overcome in only two sets of circumstances: a judge is not immune from liability for nonjudicical actions, *i.e.,* actions not taken in the judge's judicial capacity; and a judge is not immune for actions, though judicial in nature taken in complete absence of all jurisdiction). *See generally Turner v. Pruitt,* 342 S.W.2d 422, 423 (Tex. 1961); *Delcourt v. Silverman,* 919 S.W.2d 777, 781 (Tex. App.–Houston [14th Dist.] 1996, writ ref'd) ("It is well established that judges are absolutely immune from liability for judicial acts that are not performed in the clear absence of all jurisdiction, no matter how erroneous the act or how cvil the motive."). In order to determine whether a person or political subdivision may be liable in tort, we

would have to make findings of fact, in addition to making determinations of law, something that only a court of competent jurisdiction can do. We are not empowered to make determinations of fact in the opinion process.[3]

Therefore, we understand you to ask, not whether the county might be liable, but whether the county can invoke any doctrines of immunity from suit in the situation you describe. You do not specify what cause of action you believe may be brought, nor do you indicate whether you are concerned about a possible state and/or federal cause of action. For purposes of this opinion, we will assume that the cause of action about which you inquire is false imprisonment[4] and that you ask about possible state and federal causes of action.

With respect to a state cause of action, we note that Texas adopted the English common law when it became a republic and later a state, and Texas courts have recognized the English common-law doctrine of sovereign immunity. *See* Taber Chamberlain, *State Sovereign Immunity: No More King's X?*, 52 Tex. L. Rev. 100 (1973); John R. Greenhill & Thomas V. Murto, III, *Governmental Immunity*, 49 Tex. L. Rev. 462 (1971); Glen A. Majure, W.T. Minich, & David Snodgrass, *Governmental Immunity Doctrine in Texas – An Analysis and Some Proposed Changes*, 23 Sw. L. J. 341 (1960). And in the absence of a statute or constitutional provision waiving governmental immunity, immunity remains the rule. *Dallas County Mental Health & Mental Retardation v. Bossley*, 968 S.W.2d 339, 341 (Tex. 1998); *State Dep't of Highways and Transp. v. Dopyera*, 834 S.W.2d 50, 52 (Tex. 1992).

Chapter 101 of the Texas Civil Practice and Remedies Code (the Texas Tort Claims Act) serves as a limited waiver of sovereign immunity. TEX. CIV. PRAC. & REM. CODE ANN. ch. 101 (Vernon 1997 & Supp. 2002). But, section 101.057 of the Civil Practice and Remedies Code expressly provides that immunity is not waived if the claim arises "out of assault, battery, false imprisonment, or any other intentional tort." *Id.* § 101.057 (Vernon 1997). Therefore, chapter 101 does not serve as a waiver of sovereign immunity in such instance. Nor have we found any other Texas statute that would waive immunity in the situation you describe. Therefore, we believe that no cause of action arising under state law will lie for false imprisonment.

With respect to a federal cause of action, title 42 U.S.C. § 1983 creates a cause of action against any person who, under color of state law, causes another to be deprived of a federally protected constitutional right. Section 1983 provides in pertinent part:

---

[3]*See* Tex. Att'y Gen. Op. Nos. JC-0298 (2000) at 1 (stating that we cannot resolve fact dispute); JC-0020 (1999) at 2 (investigating and resolving fact questions "cannot be done in the opinion process"); DM-98 (1992) at 3 ("[Q]uestions of fact . . . cannot be resolved in the opinion process.").

[4]At common law, the essential elements of a claim of false imprisonment are: (1) willful detention; (2) without consent; and (3) without authority of law. *See Sears, Roebuck & Co. v. Castillo*, 693 S.W.2d 374, 375 (Tex. 1985) (per curiam); *Wal-Mart Stores, Inc. v. Odem*, 929 S.W.2d 513, 519 (Tex. App.–San Antonio 1996, writ denied).

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action of law, suit in equity, or other proper proceeding for redress. . . .

42 U.S.C. § 1983 (1994). Section 1983 was enacted to prevent a governmental official's "[m]isuse of power, possessed by virtue of state law and made possible only because the [official] is clothed with the authority of state law." *Johnston v. Lucas*, 786 F.2d 1254, 1257 (5th Cir. 1986). Section 1983, however, does not create a cause of action for every action taken by a state official. *Whitley v. Albers*, 475 U.S. 312 (1986).

As long ago as 1978, the United States Supreme Court held that municipalities and other local governmental units are included among those "persons" to whom section 1983 applies. *Monell v. Dep't of Social Servs. of City of New York*, 436 U.S. 658 (1978) (*overruling Monroe v. Pape*, 365 U.S. 167 (1961)). However, "[u]nder *Monell v. Department of Social Services*, a county cannot be held liable under section 1983 on a theory of *respondeat superior*, but it can be held liable when conduct depriving a person of constitutional rights was pursuant to county policy." *Brown v. Lyford*, 243 F.3d 185, 191 (5th Cir. 2001), *cert. denied*, 122 S.Ct. 46 (2001) (footnote omitted). Based upon your request letter, it appears that the practice of justice courts imposing confinement for three days in the county detention facility on minors held in contempt is not a practice of the county, but rather the practice of an individual judge. Request Letter, *supra* note 1, at 2. We cannot, of course, determine in the opinion process whether and under what circumstances a county may be liable under section 1983 in the situation you describe. As we noted earlier, only a court of competent jurisdiction can make any such determination.

With your third question, you ask: "If a juvenile is referred to detention for the offense of contempt, is the juvenile's detention hearing to be conducted as that for a child who has engaged in delinquent conduct, as a status offender or as a non-offender?" Request Letter, *supra* note 1, at 3. We conclude that, in the event a child is referred to a juvenile court for contempt of a justice court order, the juvenile's detention hearing is conducted in the manner as that for a child who has engaged in delinquent conduct.

Section 51.02(8) of the Family Code defines "nonoffender" to mean a child who:

> (A) is subject to jurisdiction of a court under abuse, dependency, or neglect statutes under Title 5 [TEX. FAM. CODE ANN. § 101.001 *et seq.*] for reasons other than legally prohibited conduct of the child; or

> (B) has been taken into custody and is being held solely for deportation out of the United States.

TEX. FAM. CODE ANN. § 51.02(8) (Vernon Supp. 2002). Thus, a "nonoffender" is a child who is subject to the jurisdiction of a court, either because the child has been taken into custody in order to be deported out of the United States or because of improper conduct, not by the child but by someone else who "victimized" the child. Not included in the definition of "nonoffender" is a child whose conduct violates a lawful order of a justice court under circumstances that would constitute contempt of that court.

Section 51.02(15) of the Family Code defines "status offender" to mean:

a child who is accused, adjudicated, or convicted for conduct that would not, under state law, be a crime if committed by an adult, including:

(A) truancy under Section 51.03(b)(2);

(B) running away from home under Section 51.03(b)(3);

(C) a fineable only offense under Section 51.03(b)(1) transferred to the juvenile court under Section 51.08(b), but only if the conduct constituting the offense would not have been criminal if engaged in by an adult;

(D) failure to attend school under Section 25.094, Education Code;

(E) a violation of standards of student conduct as described by Section 51.03(b)(5);

(F) a violation of a juvenile curfew ordinance or order;

(G) a violation of a provision of the Alcoholic Beverage Code applicable to minors only; or

(H) a violation of any other fineable only offense under Section 8.07(a)(4) or (5), Penal Code, but only if the conduct constituting the offense would not have been criminal if engaged in by an adult.

*Id.* § 51.02(15). Most of the violations listed above are found in subsection 51.03(b) of the Family Code, which sets forth the definition of "conduct indicating a need for supervision." Not included in the definitions of "status offender," "conduct indicating a need for supervision," or in any of the remaining provisions listed in section 51.02(15) of the Family Code, is a child whose conduct violates a lawful order of a justice court under circumstances that would constitute contempt of that court. However, such a child is included within the definition of "delinquent conduct."

Section 51.03 of the Family Code, as amended, defines "delinquent conduct" and "conduct indicating a need for supervision" and provides in pertinent part:

(a) Delinquent conduct is:

(1) conduct, other than a traffic offense, that violates a penal law of this state or of the United States punishable by imprisonment or by confinement in jail;

(2) conduct that violates a lawful order of a municipal court or a justice court under circumstances that would constitute contempt of that court.

*Id.* § 51.03(a). Therefore, we conclude that, in the event a child is referred to a juvenile court for contempt of a justice court order, the juvenile's detention hearing is conducted in the manner as that for a child who has engaged in delinquent conduct under section 54.01 of the Family Code.

With your final question, you ask: "Can the county, through the Juvenile Board and the Juvenile Probation Department, maintain a non-secure facility to house juveniles pursuant to a contempt finding by a Justice of the Peace and if so what type of facility would be proper?" Request Letter, *supra* note 1, at 3. We answered your first question by declaring that a justice of the peace is without authority to order confinement of a child for three days for contempt. When a justice court holds a child in contempt for violating a justice court order, the court has several options, as provided by the new section 54.023 of the Family Code or by the amended article 45.050 of the Code of Criminal Procedure, none of which include ordering the child's confinement in a child detention facility, whether "secure" or not. However, in the text of your request letter relating to your fourth question, you state:

> If the child is a non-offender or a status offender, then the conditions of Section 54.011 of the Texas Family Code must be considered. Section 54.011 states that status offenders and non-offenders shall be released from secure detention after 24 hours, excluding hours of a weekend or holiday, and such time may only be extended on the demand of the defense or in order to return the child to his home, if the home is out of state, There is, however, no prohibition from detaining status offenders or non-offenders in non-secure detention facilities. Then, it would seem, that there would be no prohibition for the Juvenile Board or Juvenile Probation to operate non-secure facilities for such offenders.

*Id.* We believe your fourth question asks whether the county may operate nonsecure detention facilities to house nonoffenders or status offenders, presumably for all purposes relating to detention. We conclude that the county may operate a nonsecure juvenile detention facility, however, we believe that the place and conditions of detention will vary, depending upon the circumstances surrounding the taking of the child into custody.

Nonsecure detention facilities are mentioned only in four provisions – section 51.12 of the Family Code, which governs the place and conditions of detention; newly-enacted article 45.058 of the Code of Criminal Procedure, which governs children taken into custody before a justice or municipal court and which largely replaces section 52.027 of the Family Code; newly-enacted section 54.023 of the Family Code, which effectively replaces the subsections (h) and (j) of section 52.027; and section 52.027 of the Family Code, which, as we noted earlier was amended by one bill and repealed in its entirety in another later-enacted bill. In section 51.12, the legislature has provided that a nonsecure detention facility may be used only in compliance with article 45.058 of the Code of Criminal Procedure.[5] Article 45.058 sets forth conditions under which nonsecure detention facilities may be used in the detention of children taken into custody for offenses over which only justice and municipal courts have jurisdiction; unlike its predecessor statute, section 52.027, article 45.048 does not govern status offenders and nonoffenders. TEX. CODE CRIM. PROC. ANN. art. 45.058 (Vernon Supp. 2002 ).

We noted earlier that the 77th Legislature amended and repealed section 52.027 of the Family Code in two different bills. House Bill 1118 made minor amendments not relevant to your request and repealed subsections (h) and (j) of section 52.027 while amending article 45.050 of the Code of Criminal Procedure, by adding language virtually identical to that set forth in the two repealed subsections. *See* Act of May 24, 2001, 77th Leg., R.S., ch. 1297, §§ 14, 51, 2001 Tex. Sess. Law Serv. 2978, 2983, 3004; TEX. FAM. CODE ANN. § 52.027(a) (Vernon Supp. 2002); TEX. CODE CRIM. PROC. ANN. § 45.050 (Vernon Supp. 2002). House Bill 1118 left in place the provisions of section 52.027 governing nonsecure detention facilities relevant to your fourth question. However, without reference to the amendment by House Bill 1118, Senate Bill 1432 repealed section 52.027 of the Family Code in its entirety, and added various articles to the Code of Criminal Procedure, including article 45.058, which largely tracks the language of section 52.027 governing nonsecure detention facilities relevant to your fourth question. *See* Act of May 27, 2001, 77th Leg., R.S., ch. 1514, §§

---

[5]Subsection 51.12, Family Code, provides the following:

(a) Except as provided by Subsection (h), a child may be detained only in a:

    (1) juvenile processing office in compliance with Section 52.025;

    (2) place of nonsecure custody in compliance with Article 45.058, Code of Criminal Procedure;

    (3) certified juvenile detention facility that complies with the requirements of Subsection (f);

    (4) secure detention facility as provided by Subsection (j); or

    (5) county jail or other facility as provided by Subsection (*l*).

TEX. FAM. CODE ANN. § 51.12(a) (Vernon Supp. 2002).

9, 19(b), 2001 Tex. Sess. Law Serv. 5092, 5101, 5105; TEX. CODE CRIM. PROC. ANN. § 45.058 (Vernon Supp. 2002).

Article 45.058 of the Code of Criminal Procedure is different from section 52.027 of the Family Code in one significant way, which is relevant to your request. Section 52.027, by its terms governs both status offenders and nonoffenders who are taken into custody, in addition to children taken into custody for offenses over which justice or municipal courts have jurisdiction. TEX. FAM. CODE ANN. § 52.027(a) (Vernon Supp. 2002). Article 45.058 reaches only those children taken into custody for offenses over which justice or municipal courts have jurisdiction; it does not reach status offenders or nonoffenders. We noted earlier that, in the event of irreconcilable conflict, Senate Bill 1432, the later-enacted bill, would control over House Bill 1118. Therefore, the provisions of article 45.058 of the Code of Criminal Procedure control over the provisions of section 52.027 of the Family Code. However, article 45.058 permits nonsecure detention only with respect to children taken into custody for offenses over which justice or municipal courts have jurisdiction. It does not permit it with respect to status offenders or nonoffenders.

Finally, we note that the newly-enacted section 54.023 of the Family Code, which, *inter alia*, authorizes justice courts and municipal courts to detain juveniles "in a place of nonsecure custody designated under Section 52.027 for a single period not to exceed six hours," does not apply to status offenders or nonoffenders. TEX. FAM. CODE ANN. § 54.023(a)(2)(B) (Vernon Supp. 2002). That section applies only to juveniles over whom justice courts and municipal courts have jurisdiction, which, by definition does not include status offenders or nonoffenders. Thus, we answer what we understand your fourth question to be in the negative. Neither status offenders nor nonoffenders may be detained in nonsecure detention facilities.

## SUMMARY

A justice court may not order a child to be confined for a term of detention for contempt for violation of a justice court order. In the event that suit is brought against a county as a result of a justice court ordering a child detained for contempt without authority to do so, the county could invoke immunity with respect to state claims, but, depending on the facts, could be subject to suit under federal claims brought under 42 U.S.C. § 1983. A hearing for a child referred to juvenile court for contempt must be conducted as that for a child who has engaged in delinquent conduct. Neither status offenders nor nonoffenders may be detained in nonsecure detention facilities.

Yours very truly,

JOHN CORNYN
Attorney General of Texas


HOWARD G. BALDWIN, JR.
First Assistant Attorney General

NANCY FULLER
Deputy Attorney General - General Counsel

SUSAN DENMON GUSKY
Chair, Opinion Committee

Jim Moellinger
Assistant Attorney General